LOUISA M. A. CROWELL *vs.* CHARLES H. BOTSFORD.

1. The issuing of a subpœna, except in cases to stay waste, before the filing of the bill, is irregular, and if promptly brought to the notice of the court, the subpœna, on motion for that purpose, will be set aside as illegally. issued.

2. Where a party seeks to set aside the proceedings of his adversary for an irregularity which is merely technical, he must make his application for that purpose at the first opportunity. If a solicitor, after notice of an irregularity, takes any step in the cause, or lies by and suffers his adversary to proceed therein under a belief that his proceedings are regular, the court will not interfere to correct the irregularity, if it is merely technical.

3. The statute (*Nix. Dig.* 97, § 6,) is merely directory of the mode of proceeding. The time or form in which the thing is directed to be done, is

Crowell v. Botsford.

not essential. The proceedings in such cases are valid, though the command of the statute is disregarded or disobeyed.

4. The issue of the subpœna before bill filed, is a purely technical irregularity, and is waived by an appearance.

The bill in this cause was filed to foreclose a chattel mortgage. The subpœna was issued before the filing of the bill, but no notice was taken of the irregularity, and the cause was allowed to proceed to final decree and execution. The defendant now asks to set aside all the proceedings in the cause, on the ground that the subpœna was issued and served before the bill was filed.

*J. Whitehead,* for the defendant, in support of the motion.

*H. J. Mills,* for the complainant, *contra.*

THE CHANCELLOR.   The defendant asks to set aside the execution, final decree, and all the proceedings in the cause, on the ground that the subpœna was issued and served before the bill was filed.

The statute provides that no subpœna or other process for appearance, shall issue out of the Court of Chancery, except in cases to stay waste, until after the bill shall have been filed with the clerk of the court.   *Nix. Dig.* 97, § 6.

The proceeding on the part of the complainant was clearly irregular, and had the irregularity been promptly brought to the notice of the court, the subpœna, on motion for that purpose, would have been set aside as illegally issued.   The effect would have been to compel the complainant to pay the costs of the motion and to sue out a new subpœna.

But no such motion was made.   The complainant was permitted, without objection, to proceed to final decree and to sue out execution.

Where a party seeks to set aside the proceedings of his adversary for an irregularity which is merely technical, he must make his application for that purpose at the first oppor-

tunity. If a solicitor, after notice of an irregularity, takes any step in the cause, or lies by and suffers his adversary to proceed therein under a belief that his proceedings are regular, the court will not interfere to correct the irregularity, if it is merely technical. *Hart* v. *Small*, 4 *Paige* 288; *Parker* v. *Williams*, *Ibid.* 439.

It is now insisted that the irregularity is not technical; that the statute is not directory merely, but imperative; and that no valid decree can be made, except there be a strict compliance with its requirements.

The provision of the statute is a regulation of the practice of the court, directing the mode in which its proceedings shall be conducted. The time or form in which the thing is directed to be done is not essential. The proceedings in such cases are held valid, though the command of the statute is disregarded or disobeyed. *Sedgwick on Statutes* 368.

That this is the effect and operation of the statute is apparent, not only from the nature and design of the enactment, but from a reference to its origin and the history of the practice under it.

The commencement of a suit in chancery was originally by bill, before the issuing of a subpœna. The bill contained, as it still does, a prayer for subpœna, which issued as soon as the bill was filed. *Gilbert's For. Rom.* 64; 3 *Bl. Com.* 442–3.

Yet in a very early treatise upon the proceedings of the Court of Chancery, it is stated that "notwithstanding the practice before this time hath been that no subpœna should be sued forth of the Court of Chancery, without a bill first exhibited; yet of late, for the ease of all suitors and subjects, it hath been thought good that every man may have a subpœna out of the same court, without a bill first exhibited." *Tothill's Proceed.* 1.

And by Lord Clarendon's orders in chancery, in 1661, it is directed, "that all plaintiffs may have liberty to take forth *subpœnas ad respondendum* before the filing of their

bills, if they please, notwithstanding any late order or usage to the contrary." *Beames' Orders in Chan.* 168.

This order continued in force until 1705, when it was enacted (by statute of *Ann, ch.* 16, § 22,) that " no subpœna or any other process for appearance, do issue out of any court of equity, till after the bill is filed, except in cases of bills for injunctions to stay waste, or stay suits at law commenced." The statute is equally peremptory in its terms with our own, yet it has always been regarded as directory only, and a departure from its requirements a mere irregularity, which subjected the party to costs.

In *Hinde's Ch. Pr.* 76, it is said that, notwithstanding the statute, " solicitors, through ignorance or inattention, frequently sue out and serve this writ before the bill be filed, taking care to file the bill on the return day, yet that practice is altogether irregular (except in cases in the statute excepted), and the complainant does it at the risk of costs."

The elementary books all treat the issuing of the subpœna before the filing of the bill, since the passage of the statute, as an irregularity, which exposes the complainant to the hazard of costs. 1 *Newland's Pr.* 62; 2 *Maddock's Ch. Pr.* 197; 1 *Smith's Ch. Pr.* 110; 1 *Daniell's Ch. Pr.* 592.

The same rule prevailed under the ancient practice of the court, prior to the adoption of Lord Clarendon's order, authorizing the subpœna to be issued before the filing of the bill.

Cases are very frequent, during the reign of Elizabeth, where costs are adjudged to the defendant, for want of a bill after the service of a subpœna. *Cary's R.* 98, 103, 105, 114, 118, 143, 145, 153, 156.

Although the defendant was entitled to costs, yet by "preferring costs" he was not relieved from appearing when the bill was filed, and so little was gained by the proceeding, that the practice has become obsolete. It is considered most advantageous for the defendant, when he has been improperly served with a subpœna before filing the bill, to wait till the

attachment has been issued against him, and then to move *to set the process aside for irregularity.* The effect of such a proceeding is to oblige the plaintiff to sue out and serve a fresh subpœna. 1 *Daniell's Ch. Pr.* 593.

This, in its operation, is in accordance with the practice in this court, although no resort is had with us to the writ of attachment.

The issue of the subpœna before bill filed, is an irregularity so purely technical, that it is waived by an appearance. 1 *Daniell's Ch. Pr.* 593.

There is another objection which is equally decisive against the motion. It appears, by the evidence, that the subpœna was issued before the filing of the bill, in consequence of a written offer by the defendant's solicitor to enter *an appearance* for the defendant. An acknowledgment of the legal service of the subpœna was endorsed upon the writ. At the time of the endorsement, the defendant's solicitor knew that the bill had not been filed. The complainant's solicitor was justified in regarding the acts of the defendant's solicitor, as an appearance for the defendant, and as a waiver of the irregularity in the issue of the writ. *Nix. Dig.* 98, § 20.

There is no evidence of surprise or merits. The application rests solely on the ground of illegality of the proceedings on the part of the complainant.

The motion must be denied, and the rule to show cause discharged, with costs.