## PATRICK McEVOY

### *v.*

### THE TRUSTEES OF SCHOOL DISTRICT No. 8, IN THE COUNTY OF HUDSON.

A subpœna to answer a bill to foreclose a mortgage was inadvertently made returnable on Sunday. It was duly served more than ten days before the return-day, and no answer filed or appearance entered.—*Held,* that the return-day could be amended so as to make it returnable on the following Monday, and a decree *pro confesso* be entered thereon.

Bill to foreclose. Motion for decree *pro confesso.*

*Messrs. Wallis* and *Edwards,* for the motion.

THE CHANCELLOR.

The subpœna to answer in this case was tested April 14th, it was served on the 18th (fifteen days before the return-day) and was made returnable May 4th, which was Sunday. The

McEvoy v. Trustees.

defendants have not appeared. The time for answering expired more than ten days ago. The subpœna was by inadvertence made returnable, as before stated, on Sunday, and the question presented is whether it is not therefore void as a nullity. By the common law the fact that an original writ was returnable on Sunday did not avoid it, but the court did not sit to receive the return till the next day. *3 Black. Com. 277.* It is suggested that what was said in *Kinney* v. *Emery, 10 Stew. Eq. 339,* in denying a motion to quash a subpœna to answer, is equally applicable in this case. There the motion was based on the ground that the subpœna was returnable on a day which was a legal holiday. It is true that nothing is required of the defendant on the return-day, not even to enter an appearance, whether he intends to defend or not. The notice at the bottom of the writ so informs him. Nor is anything required to be done on that day by the officer who served the writ. The statute (*Rev. p. 105 § 14*) makes it his duty to return the writ at the time mentioned in it, but he may do so before that day, or if that day be Sunday or a holiday, he may do it on the next day. In practice, he sends the writ to the clerk by mail. The service of the writ notifies the defendant of the beginning of the suit, and the return-day is the date from which the time for defending begins to run. To the court the return is the evidence that it has obtained jurisdiction over the defendant. Our act "in relation to legal holidays" (*Rev. p. 481*) provides that no court shall sit upon the days mentioned in the act except where it would sit upon Sunday. The prohibition is in reference to the sitting of the court. The main object of it is to secure to all engaged in the business of courts—judges, lawyers, jurors, suitors, witnesses &c., and all court attendants—exemption from attendance at or upon the court on those days, and hence the courts are forbidden to sit. But the prohibition does not extend to all judicial acts. Courts may on those days do *ex parte* business, such as can be done at chambers; for example, this court may grant injunctions or award writs of *ne exeat* &c. &c., and process may be tested on those days. There is a difference between the legal holidays mentioned in the act and Sunday. Sunday is not a holiday.

*Phillips* v. *Innes, 4 Cl. & Fin. 234.* Our act, just referred to, treats it as being different from a holiday. In *Noy's Maxims,* under the head *Dies Dominicus non est juridicus,* the writer says that the judges cannot sit on Sunday; for that day is exempt from such business by the common law by reason of the solemnity of it, in order that all mankind may apply themselves to their devotions and the honor of God. *Noy's Max. 2.* Although, as was urged in *Swann* v. *Broome, 3 Burr. 1595,* there is no profanation of the day in the mere ideal relation of the act presumed (but merely fictitiously) to be done upon it, yet I deem it proper to recognize even in such a case as this the distinction made by the common law and our own statute between mere holidays and Sundays, and I will therefore pursue a practice in conformity with the practice of the common law in the case of original writs made returnable on Sunday. There the return was received on the next day. Here I will amend the writ by changing the return day from the 4th to the 5th of May, which was Monday. In *Boyd* v. *Vanderkemp, 1 Barb. Ch. 273,* where an execution was made returnable on Sunday, Chancellor Walworth said that while it was irregular to make any process returnable on the Sabbath, the objection on that ground was merely technical, and in an ordinary case the court would permit an amendment of the process to promote the purposes of justice. In *Swann* v. *Broome, 3 Burr. 1595,* above referred to, Lord Mansfield said that writs were formed in those times when the courts of justice might sit on Sundays, and that those ancient returns, which were not improper when the writs were first formed, had continued ever since, without being altered in succeeding times; that the canons did not at all interfere so as to make any alteration in them, for the canons extended their prohibition no further than against awarding process and giving judgment and such like *acts of court* on Sundays; so that the writs had continued in their primitive form; but that no business could be done by the court until Monday, and that the day of their being actually returned was therefore as certainly known as if the writs were made returnable on Monday. The writ will be amended, and the decree *pro confesso* signed.