IN RE ELECTION OF DIRECTORS OF THE CEDAR GROVE CEMETERY COMPANY.

1. If, at the time and place appointed for an election of directors, the stockholders of a corporation assemble in two bodies and cast their ballots at separate polls, the court, in ascertaining the result of the election under the Corporation act, may consider the ballots cast at both polls.

2. Under the statute the books of the corporation constitute the only evidence as to who are the stockholders entitled to vote at an election of directors.

On petition in matter of election of directors of the Cedar Grove Cemetery Company.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the petitioners, *Lindley M. Garrison.*

For the respondents, *Frederick A. Rex.*

The opinion of the court was delivered by

DIXON, J. This is a controversy over the election of directors of the Cedar Grove Cemetery Company, held April 5th, 1897. The rival parties are called the Byrns faction and the Fowler faction. The present application is made under section 42 of the Corporation act (*Pamph. L.* 1896, *p.* 277), and the court is asked to establish the election of the persons chosen to be directors by the Byrns faction.

At the time and place regularly appointed for the election of directors, a number of persons assembled in the office of the company in Gloucester City, and organized by choosing a chairman, a secretary and three tellers. Simultaneously, persons assembled just outside of the office also organized by selecting a chairman, secretary and three tellers. Policemen then cleared the room, and permitted the officers chosen by the outside assemblage to take possession of it and proceed with an election. The officers selected within the room proceeded to hold an election just outside. So far as appears, stockholders entitled to vote for directors might have cast their ballots at either polling place. At the election held within the office, the persons favored by the Fowler faction were unanimously chosen, and at the election held outside, those favored by the Byrns faction were unanimously chosen. Under these circumstances we think that justice requires us to consider all the votes cast at either place, in determining who were legally elected. Such a course is within the design of the statute under which this proceeding was taken. *In re Election of St. Lawrence Steamboat Co.*, 15 *Vroom* 529.

According to the thirty-third section of the statute, the books of the company constitute the only evidence as to who are the stockholders entitled to vote at an election of directors.

The testimony shows that before 1896 the company had no book purporting to contain the names of its stockholders,

except that from its "cash ledger" the names of some of them might be gathered. But in 1896 the secretary of the company, under the direction of the board of directors, prepared a stock-book, collecting his information from not only the cash ledger but also whatever other sources seemed available. We see no reason for denying to this book the evidential force prescribed by the statute.

Testing the election by this criterion, the candidates of the Byrns faction received a majority of the ballots cast by legal voters at either polls.

The same result is reached if, discarding the books, we ascertain who were legal voters from the testimony adduced in the pending controversy.

Our conclusion is that John F. Byrns, William Tucker and Walter F. Joslin were legally elected directors of the Cedar Grove Cemetery Company at the annual meeting of the stockholders held on April 5th, 1897, and judgment may therefore be entered establishing their election.

Should any further relief be desired, application therefor may be made on due notice.