FREDA BLAUVELT

*v.*

WILLIAM BLAUVELT.

[Filed November 14th, 1904.]

Where the original petition in a divorce suit failed to show jurisdiction by not stating that petitioner had lived in the state for two years next before the petition was filed, and no process was taken out on the amended petition and defendant had no notice of it, but there was a reference and a master's report, petitioner may either take an order on defendant to show cause why a decree should not be entered on such report, where remedy is available only if personal service can be had on defendant, or may issue a new citation, and, on its return not served, take an order of publication, and if defendant does not come in a decree may be had on the report.

On petition for divorce.

*Mr. William M. Rysdyk,* for the petitioner.

PITNEY, V. C.

The original petition in this cause was radically defective in that it did not state that the petitioner had lived in the State of New Jersey for two years next before the desertion charged. The defendant was brought in by publication, and the counsel for petitioner, perceiving the defects in his original petition, applied to Vice-Chancellor Emery and procured an order for leave to amend, and in pursuance of that order prepared an amended petition, which was filed January 22d, 1902, a little more than a year and a half after the filing of the original petition. In the amended petition he alleges that the petitioner is a resident of the city of Paterson, "where she has resided for more than two years last past." That means two years before the date of the petitioner's affidavit to that petition, which affidavit was made the 15th of January, 1902. No process was taken

out on that petition, nor did the defendant have any notice of it. An order of reference, however, was made thereon, and a master's report, by which it clearly appeared that the petitioner was a resident of this state from April, 1895, and that the desertion took place in February, 1898, more than two years before the filing of the original petition.

The solicitor was clearly in fault (1) in not properly stating facts sustaining the jurisdiction of the court in the original petition, and (2) in not giving the defendant notice of the amended petition. No decree can be advised on the papers as they now exist.

Two modes are open to the solicitor to correct this error, and he should incur the expense of the correction out of his own pocket: (1) He may take an order on the defendant to show cause at a future day why a decree should not be entered in pursuance of the master's report. This remedy is available only in case he can make a personal service upon the defendant, and is the cheapest and best mode, if such service can be made. (2) To issue a new citation, and on its return not served take an order of publication, which is, in effect, commencing *de novo.* If the defendant does not come in and answer to either the notice or the order of publication, as the case may be, the petitioner may have a divorce upon the report of the master already made, so that the only expense will be the service of notice upon the defendant, either personally or by publication.