THE STATE OF NEW JERSEY, EX REL. BUNTING HANKINS ET AL., v. HOWARD L. NEWELL ET AL.

Argued February 25, 1907—Decided June 10, 1907.

1. *Quo warranto* is the appropriate remedy by which to test the title to office in a private corporation.
2. A seal is not essential to the validity of a proxy to vote for officers at a corporate election.

Rule to show cause in *quo warranto*.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the relators, *James Buchanan*.

For the respondents, *Edwin R. Walker*.

The opinion of the court was delivered by

GARRISON, J.   A petition for a writ of *quo warranto* was filed and a rule thereon made requiring the respondents to show cause by what authority they claimed to have, use and enjoy the office and privileges of trustees of the Bordentown Cemetery Association, the petitioners claiming to have been elected to such office of trustees, and that the defendants have usurped the said office.

The respondents contend *in limine* that the writ of *quo warranto* cannot go to inquire into an alleged usurpation of an office in a private corporation.

Such is the English rule. *Shortt Quo War.* 129.

The American rule differs in this respect from the English. Mr. High, in his work on *Quo Warranto,* says: "The propriety of an information in the nature of a *quo warranto* as a remedy for an unlawful usurpation of an office in a merely private corporation was formerly involved in some doubt, but the question may now be regarded as settled in this country. This species of remedy being generally employed in England in cases of public or municipal corporations, the English precedents are inapplicable to this particular question and its solution must be referred to the more general principles underlying the jurisdiction in question. Tested by these principles, an intrusion into an office of a merely private corporation may, in this country, be corrected by information with the same propriety as in cases of public or municipal corporations, since there is in both cases an unfounded claim to the exercise of a corporate franchise amounting to a usurpation of the privilege granted by the state." *High Extr. Leg. Rem.,* § 653.

As early as the year 1827 the writ of *quo warranto* was so used in this court. *State* v. *Crowell,* 4 *Halst.* 390.

The provisions of the forty-second section of the Corporation act for a summary review of corporate elections have no bearing upon the present question, for the reason that such provisions, when taken in connection with the other requirements of the act, are confined to elections in corporations having stock. *In re Election of Cedar Grove Cemetery Co.,* 32 *Vroom* 422.

Cedar Grove Cemetery Company was a stockholders' company.

Coming to the merits of the controversy the respondents contend that two of the three relators are ineligible to the office the title to which they are seeking to contest. This claim, which is based upon the idea that each trustee must be the sole proprietor of an entire lot, is not well founded. There is no such requirement in the act of incorporation, and, on the contrary, the implication to be drawn from the statutory qualification of voters is the other way. Proprietors of undivided interests in a lot may vote, and the requirement as

to trustees is that they "shall be chosen from among the proprietors of lots or plots." The case of *Austin* v. *Atlantic City,* 19 *Vroom* 118, relied upon by counsel for respondents, turned upon a question of fraud and is inapplicable here.

The remaining question is whether a seal is requisite to the validity of a proxy. The claim of the petitioners is that one hundred and thirty legal votes given for them by valid proxies were rejected by the inspectors of election upon the sole ground that such proxies were not under seal. If the votes so rejected had been counted the petitioners would have been elected. The act of the legislature under which the association was organized provides that proprietors of lots "may, either in person or by proxy, give one vote for each plot or lot." There is no statutory requirement that the proxy thus authorized should be under seal, and our attention has not been directed to any general rule of law or to any line of reasoning by which that formality is rendered essential to the validity of a proxy. *In re Election of Steamboat Company,* 15 *Vroom* 529.

Our conclusion is that the prayer of the petition should be granted.