FRED M. HENRY

*v.*

LENA K. HENRY.

[Submitted January 4th, 1912.   Decided January 11th, 1912.]

1. The Divorce act, 1907 (*P. L. 1907 p. 476 § 6*), provides that jurisdiction in divorce may be acquired over a resident by personal service. Section 7 provides that, when the defendant cannot be personally served, jurisdiction may be obtained by publication, followed where practicable by service on or notice to the defendant without the state.  In a suit for divorce against a non-resident, a citation was issued and sent to plaintiff's solicitor, and was returned into court with service acknowledged by defendant's solicitor, and appearance was also entered by· defendant's solicitor and an answer to the action filed.—*Held*, while in ordinary causes ·the entry of an appearance and the filing of an answer would give jurisdiction, in divorce suits the proceedings must be *strictly adverse and in* accordance with the statute, so that no jurisdiction was acquired over the defendant.

2. Section 9 of the Divorce act of 1907 (*P. L. 1907 p. 478*), which provides that the process and procedure in divorce causes shall be the same as other chancery causes, except so far as other process and procedure is prescribed, is necessarily qualified by sections 6 and 7, which prescribe the process necessary to obtain jurisdiction over a defendant, and cannot, therefore, be held to authorize service as in ordinary equity proceedings.

On petition for divorce.

*Mr. Frank E. Bradner,* for the petitioner.

*Mr. Paul G. Roder,* for the defendant.

HOWELL, V. C.

The petition in this cause was filed on May 26th, 1911.  On the same day a citation was issued and sent to the petitioner's solicitor; it was returned into court on November 27th, 1911, as appears by the clerk's endorsement thereon, with an acknowledg-

ment of service signed by the defendant's solicitor in the following words: "Due and legal service of the within citation and certified copy of petition is hereby acknowledged this 20th day of June, 1911, for the defendant." On August 4th, 1911, an appearance was entered with the clerk by the defendant's solicitor, and on the same day an answer was filed setting up matters in defence which raised a contentious issue, and the cause was duly brought on for final hearing. At the time of the filing of the petition and from thence hitherto the petitioner was and has been a resident of New Jersey and the defendant a resident of New York, so that personal service could not be had on her.

The sixth section of the Divorce act of 1907 provides as follows:

"For purposes of divorce, either absolute or from bed and board, jurisdiction may be acquired by personal service of process upon the defendant within this state under the following conditions," &c.

Section seven provides:

"When the defendant cannot be served personally with process within this state, and when at the time of the commencement of the action the plaintiff is a *bona fide* resident of this state, jurisdiction for the purpose of divorce, whether absolute or from bed and board, may be acquired by publication, to be followed where practicable by service upon or notice to the defendant without this state, or by additional substituted service upon the defendant within this state as prescribed by law or rules of court under the following conditions," &c.

Neither of these methods of acquiring jurisdiction over the defendant was adopted. On the contrary, the defendant's solicitor, on June 20th, 1911, acknowledged service of the citation by an endorsement thereon made on that day, and on August 4th, 1911, entered a formal appearance with the clerk and filed an answer. This is manifestly so wide a departure from the statutory method of acquiring jurisdiction as to be wholly inoperative and void. In almost any kind of proceeding other than a divorce proceeding the entry of an appearance and the filing of an answer is sufficient to give the court jurisdiction, but in divorce cases another rule prevails. There the statute must be strictly followed, for

the reason that the issue does not alone concern the parties to the cause; it concerns organized society, which is based upon the settled and orderly customs and obligations attendant upon the marriage status; it will not permit that status to be changed or modified except in the manner pointed out by the laws which it has sanctioned. Parties cannot be permitted to become divorced by any sort of consent. The proceeding in all its parts must be strictly adverse and in accordance with the statute. The public interest does not permit a decree upon consent. No admission binds the court, and the analogy of ordinary actions cannot be applied. *Griffiths* v. *Griffiths, 69 N. J. Eq. (3 Robb.) 689.*

The authorities cited on behalf of the petitioner do not apply, for the reason that they arose under statutes which were in force prior to the Divorce act of 1907 and are now repealed. The difference lies in this. In the former acts it was provided that the like process and course of practice and procedure should be had and pursued in all divorce cases as were usually had and pursued in other cases on the equity side of the court of chancery, except that the answer of the defendants should not be under oath. The ninth section of the act now in force contains a very different provision.

Under the present act the like process and procedure shall be had and pursued in divorce cases as are usually had and pursued in other cases in the court of chancery, except so far as other process and procedure is prescribed by or under the authority of that act. The legislature having by the sixth and seventh sections of the act of 1907 prescribed a method of obtaining jurisdiction over parties to divorce suits, the method so prescribed comes within the exception of the ninth section, so that the sense of it is that in divorce cases the same process and procedure must be pursued as is had and pursued in other chancery suits, except that the defendant must be brought in by the personal service of process within this state or by the substituted service prescribed by section 7. It is true, as was urged by the petitioner, that it has been held that where a defendant is properly brought into court by the methods now prescribed, such defendant may file a cross-petition and compel an answer by the petitioner without the issue

of a citation on the cross-petition for that purpose, but this proceeds upon the ground that the parties having once been brought into court by the proper issue and service of process are in court for all purposes. The proceeding is regulated by rule 206a, which was promulgated in 1904.

The result is that the petition must be dismissed.