JOHN D. SMITH AND OTHERS v. THE TRUSTEES OF THE BETHEL AFRICAN METHODIST EPISCOPAL CHURCH OF JERSEY CITY, A CORPORATION.

Argued October 24, 1916—Decided October 27, 1916.

A writ of *mandamus* will not issue to compel trustees *de facto* of a corporation to call an election for trustees where the title *de jure* of the trustees *de facto* is disputed. *Quo warranto* is the proper proceeding in such a case.

On application for *mandamus*.

Before Justice SWAYZE.

For the relators, *Robert S. Hartgrove.*

For the defendants, *Eugene R. Hayne.*

The opinion of the court was delivered by

SWAYZE, J.   The trustees of the Bethel African Methodist Episcopal Church of Jersey City is a corporation under the act to incorporate associations not for pecuniary profit.   No by-laws were ever adopted, but it seems to have been the custom to elect trustees on the 31st day of August in each year.   At any rate it is proved and undisputed that such an election was held August 31st, 1915, and there is no suggestion that that election was invalid.   By the statute these trustees held office, in the absence of any by-laws to the contrary, for one year and until their successors should be elected. Dissensions arose and the faction represented by the relators gave notice of a meeting on July 27th for the purpose of amending the certificate of incorporation, so as to change the name and the number of trustees.   The faction supporting the pastor gave notice of a meeting on that day for the election of trustees to serve for one year from that date.   Which notice was given first is not proved, nor do I think it material.   A notice was also given by the relator's faction for a meeting to elect trustees on August 31st.   Trustees were elected at the meeting of July 27th, and are made defendants to the present application.   Whether an election was held on August 31st does not definitely appear, but I assume none was held since the relators now apply for a *mandamus* to compel the holding of an election for trustees.   The relators seek a writ of *mandamus* to compel the individual defendants as trustees *de facto* to call an election.

It is clear that the real question involved is the title of the individual defendants to the office of trustees.   It is not denied that ordinarily the title to office in a private corporation must be tested by *quo warranto*.   The relators urge that this case involves only a question of law and is so clear that

a *mandamus* should issue under the rule of *Leeds* v. *Atlantic City*, 53 *N. J. L.* 332. The question as is shown by Mr. Justice Garrison's review of the authorities is often a nice one. What determines me to deny a *mandamus* in this case is— *first*, the fact that the relators themselves ask that the writ go against the trustees elected on July 27th. Unless there was a real election, illegal though it may have been, the *de facto* trustees, the present defendants, would be without power even to give notice for an election. *Second*, the legality of the election may depend upon the way in which it was conducted and whether the book of discipline of the church had in effect been adopted in lieu of by-laws—a question of fact proper for a jury. The relators are not, however, estopped to deny the validity of the election. They have sought in an orderly way to test the question by recognizing the defendants as being *de facto* trustees whose *de jure* title is disputed. This they may dispute. I think a writ in the nature of a *quo warranto* should issue since it seems probable that the election was not held on the proper day and was conducted in accordance with the book of discipline instead of the law of the state. Let such a writ issue.