This is a motion to dismiss an original petition and an amended petition for divorce. The case was brought on the ground of extreme cruelty under chapter 187 of the acts of 1923. P.L.1923, p. 494.
The original petition was filed on December 23d 1924, and an amended petition on June 11th, 1925. In both the original petition and in the amended petition it is alleged: "Petitioner was a bona fide resident of the State of New Jersey when this cause of action arose, and has ever since continued to be such resident. It failed, however, to allege that petitioner has lived in the State of New Jersey for two years before the petition and amended petition were filed.
The contention is that both the original petition and the amended petition are defective because neither stated the necessary jurisdictional clause.
In the case of Blauvelt v. Blauvelt, 59 Atl. Rep. 567, Vice-Chancellor Pitney said: "The original petition in this cause *Page 108 
was radically defective, in that it did not state that petitioner had lived in the State of New Jersey for two years next before the petition was filed."
In the case of Metzler v. Metzler, 69 Atl. Rep. 965, it was held: "There is here no averment sufficiently showing a continuing residence of either party in this state during two years of the desertion and until the filing of the petition."
The act of 1923 is silent as to the time of residence. Counsel for the petitioner argues that in spite of this silence it was the intent of the legislature to reduce the time of residence as well as the time after which cases of extreme cruelty may be brought for divorce. The Divorce act of 1907 provides as follows:
"(a) When, at the time the cause of action arose, either party was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action abona fide resident of this state."
I cannot believe that it was the intent of the legislature to in any way interfere with the question of residence, but merely to reduce the time in cases of extreme cruelty after which an action of divorce can be instituted. The act of 1923 being silent as to the time of residence, it is my opinion that the provisions of the act of 1907 apply, and the two acts must be construed together. I have not been able to find any reported case on this point, but in a memorandum by Advisory Master William J. Backes, in the case of Carosone v. Carosone, filed May 8th, 1923, docket 53/403, he holds substantially as I have indicated.
I shall therefore advise a decree dismissing the petition and amended petition for the reasons I have stated. *Page 109