Mrs. Gondas filed her petition in this cause for divorce for constructive desertion, May 3d 1926, and sued out a subpoena adrespondendum, instead of a citation, on April 30th, tested on that day, returnable May 7th. The return day in the body of the writ was changed to May 13th, apparently, *Page 475 
either by the solicitor or by the sheriff. This is common practice and has legal sanction. See McCracken v. Richardson,46 N.J. Law 50; Walnut v. Newton, 82 N.J. Law 290, 293. The return day endorsed upon the back of the writ remains May 7th, as originally written. The writ commands the defendant, if he intends to make a defense, that he file his answer on or before the expiration of twenty days from the 13th of May, c. That time expired June 12th. However, on May 29th, 1926, an answer was filed by the defendant, in which he denied the acts of cruelty alleged against him as constituting the gravamen of the action, and prayed to be dismissed by the court.
A voluntary appearance subjects a defendant to the jurisdiction of the court and would waive defects in the process for appearance, if any, in cases other than divorce, for those cases are sui generis, and, under the statute, jurisdiction may be obtained in them only by personal service upon the defendant within the state, or by publication, followed where practicable, by service on or notice to the defendant without the state.Henry v. Henry, 79 N.J. Eq. 493; affirmed, 81 N.J. Eq. 512.
This, however, does not mean that the defendant, having been served by process within the state (or by publication and service or notice without the state), and who has answered before the time limited therefor, may not be proceeded against until the time for answering has expired. The sole and only purpose of the statute is to require lawful notice to the defendant, in order to give the court jurisdiction over him. Of course, if he does not come in and answer, the petitioner cannot proceed until after the time for answering has expired, because the defendant may answer on the last day; but, having been served or notified, as required by the act, defendant may come in and answer, and after answer filed, defendant having been brought in as aforesaid, it would be absurd for the court to say: "You cannot be proceeded against until your time for answering has expired, although you have been properly brought into court and have already answered." *Page 476 
In the Henry Case a citation was issued and returned into court, with an acknowledgment of service signed by the defendant's solicitor, and an appearance and answer were filed setting up a defense. The reason advanced from the decision in the Henry Case is that parties cannot be permitted to become divorced by any sort of consent; that the proceeding in all its parts must be strictly adverse and in accordance with the statute; that the public policy does not permit a decree by consent; that no admission binds the court, and that the analogy of ordinary actions cannot be applied.
Counsel for petitioner applies for an order of reference to a vice-chancellor, and counsel for defendant consents. This he may do as the step is only one of orderly procedure, the defendant being in court.
Now, as already remarked, the subpoena was issued April 30th, and was made returnable May 7th (changed to 13th in the body of the writ, but not on the back). It was served by the sheriff of Essex on May 7th, or six days before the return day. The return shows that a copy of the petition was served with the subpoena, as is required by the Divorce act in the case of a citation. This would doubtless be essential to jurisdiction in an ex parte
case, but where defendant comes in and answers, after having been properly served or published against and notified, as required by law and the rules of court, the lack of service of such copy would be a mere technical irregularity which the appearance would cure.
By the amendment to the Chancery act of 1913 (P.L. p. 748 §5), it is provided that every subpoena or process for appearance shall be served at least five days before its return, and the sheriff or other officer shall make return thereon at the time and place therein mentioned. This subpoena having been served six days before the return therein mentioned, the defendant was, on the return day, constructively in court, notwithstanding the endorsement on the back of the writ "Ret'ble May 7th, A.D. 1926." Quite aside from the direction that the return be made at the time and place therein mentioned, that is, in the body of the writ, I hold that the direction to the defendant contained in the body of the writ is *Page 477 
controlling, and that the endorsement of the return day on the back thereof is merely for convenience and is for the guidance of the sheriff. Endorsement is an entry made upon the back of a writ or warrant, and is called backing. 1 Bouv. L. Dic.
(Rawle's rev.) 1024. It is no part of the command of the writ, and cannot operate to defeat or impair the efficacy of the return day nominated in the writ itself. The more serious question, however, in this case is whether a subpoena issued upon the filing of a petition for divorce is legal process, notwithstanding the provision in the Divorce act that citation
shall issue in those suits.
The Chancery act (P.L. 1902 p. 510 § 3), treating of subpoenas, provides that they shall be in the form prescribed by the rules of the court of chancery, and in the Chancery act of 1915 (P.L. p. 187 § 5), it is provided that the subpoena to answer shall be substantially in the form stated in Schedule B annexed. As already remarked, a subpoena to answer was issued and served in this cause instead of a citation, as provided by the Divorce act. P.L. 1907 p. 474 § 11. That provision is that upon the filing of the petition a citation shall issue, and by the amendment of 1916 (P.L. p. 110) it is provided that every such citation shall be served (together with a copy of the petition) at least five days before its return; and that the form of the citation shall be substantially as is therein provided.
The form of subpoena, after reciting the filing of the bill, proceeds:
"Therefore we command you, if you intend to make a defense, that you file an answer to said bill in the office of the clerk of our said court at Trenton, on or before the expiration of twenty days from and after the day of [return day] , and in default thereof such order or decree will be made against you as the court shall think equitable and just."
A citation is directed to the defendant, and the form proceeds:
"You are hereby cited to answer the petition of, a copy of which petition is herewith served upon you, by filing your answer in writing in the office of the clerk of the court of chancery at *Page 478 
Trenton, within twenty days from the day of , 19 [return day], and in default of your so doing such order or decree will be made against you as the court shall think equitable and just."
Thus it appears that a subpoena to answer and a citation
for the same purpose out of chancery, so far as they are process for the appearance of defendants, are convertible terms, or practically so. The definition of both writs confirms this. In 1Bouv. L. Dic. (Rawle's rev.) 326, defining a citation, it is said:
"It is usually the original process in any proceeding where used, and is in that respect analogous to the writ of capias or summons at law, and the subpoena in chancery."
And in 2 Ibid. 1055, defining subpoena, it is said:
"The writ of subpoena was originally a process in the courts of common law to enforce the attendance of a witness to give evidence: but this writ was used in the court of chancery for the same purpose as a citation in the courts of civil and canon law, to compel the appearance of a defendant, and to oblige him to answer upon oath the allegations of the plaintiff."
The forms of these writs are substantially, though not literally, the same, each is directed to be served at least five days before its return, grants the defendant twenty days within which to answer, and warns him that in default thereof such order or decree will be made against him as the court shall think equitable and just. Both are process, and process is the means of compelling a defendant to appear in court. It need not necessarily be a subpoena or other writ, it may be an order or notice. In re Martin, 86 N.J. Eq. 265, 273.
In Pierce v. Old Dominion Smelting Co., 67 N.J. Eq. 399,
Vice-Chancellor Stevenson observed (at p. 410), that every state has power to prescribe the reasonable notice which shall be given in order to subject a defendant to the jurisdiction of its courts, and that it is of no consequence what the form of the notice may be, citing authorities. Process has been defined to be a writ, warrant, subpoena or other formal writing issued by authority of law. 2 Bouv. L. Dic. (Rawle's *Page 479 rev.) 766. In Ewald v. Ortynsky, 77 N.J. Eq. 76,
Vice-Chancellor Garrison held that the subpoena in equity is a mere notice. This decision was affirmed (S.C., 78 N.J. Eq. 527) in an opinion which did not discuss the point just adverted to. Chief-Baron Gilbert said that this process is only notice. 1Hoffm. Ch. Pr. 104 note 2. It is nothing more than a notice from the court to appear. Ibid. 113, note.
I conclude, therefore, that a citation issued upon a bill, or a subpoena issued upon a petition, is lawful process, that is, notices, proper service of which, upon the defendant, clothes the court with jurisdiction to hear and determine the cause. I do not say that if the defendant should come in promptly and object to the form of the writ issued against him he might not have it quashed or set aside when a new writ would issue. In Crowell v.Botsford, 16 N.J. Eq. 458, Chancellor Green held that if objection to a subpoena for irregularity be promptly brought to the notice of the court, the subpoena will be set aside on notice; but that where a party seeks to set aside the proceeding of his adversary for an irregularity which is merely technical (issuing of subpoena in that case before bill filed), he must make his application for that purpose at the first opportunity; that if a solicitor, after notice of an irregularity, takes any step in the cause, or lies by and suffers his adversary to proceed therein under a belief that his proceedings are regular, the court will not interfere to correct the irregularity if it is merely technical. See, also, Berenbroick v. Hoffstetter,93 N.J. Eq. 543, in which I followed and applied Crowell v.Botsford, holding, further, that unless defendant came in promptly and moved to set aside a subpoena issued before bill filed, the cause might proceed regularly if the bill be filed before the return day named in the writ. On the other hand, I incline to think that on objection to the irregularity of a writ of subpoena or citation, it might be amended instead of quashed, or dismissed as Chancellor Green put it. The provision for amendment in the Divorce act (P.L. 1907 p. 474 § 19) is that no proceedings under it shall be set aside for any defect in matter of form, or for any mistake or omission *Page 480 
not affecting the real merits of the cause, and permits amendment of those proceedings. It will be observed that the provision does not restrict amendment to pleadings, and it has been held to extend to the process of citation. Owens v. Owens,66 Atl. Rep. 929.
The result reached is, that the defendant is properly in court by adverse proceedings under the Divorce act, and that an order of reference will be made to a vice-chancellor to try the issue joined on the petition and answer.