A petition for divorce was filed in this cause on January 27th, 1926, and a citation to answer was issued on January 29th, two days later. It was returnable on February 8th, 1926, and was served on the defendant, together with a certified copy of the petition, on February 5th, three days before its return.
The Divorce act (P.L. 1907 p. 474 § 13, as amended by P.L.1916 p. 110) provides, inter alia, that every citation shall be served personally at least five days before its return. This provision, obviously, was not complied with, and the question is, Is it mandatory or directory? If mandatory, the service is null and void; if directory, it may be voidable but is not fatal.
As to mandatory and directory statutes, it is said that when the provision of an act is the essence of the thing required to be done it is mandatory; otherwise, when it relates to form and manner, and where an act is incident, it is directory merely.Bouv. L. Dict. (Rawle's 3d rev.) 3130. The essence of the provision under consideration is service, not time of service; the latter is rather an incident of the main purpose, except that service must be made in time to prevent any curtailment of the period allowed after the return day for filing an answer. The word "shall" is to be construed as merely permissive when no public benefit or private right requires it to be given an imperative meaning. 36 Cyc. 1161. (Cited approvingly by the court of errors and appeals in McDonald v. Freeholders ofHudson, 99 N.J. Law 170 — at p. 172.) Even "must" has been construed as merely directory where, from a construction of the entire statute and the object to be accomplished by it, such appears to have been the intention of the legislature. Ibid.
In Hugg v. Camden, 39 N.J. Law 620, Mr. Justice Scudder, speaking for the supreme court, said (at p 623): "If it be intended by this statement that the statute is so far directory in fixing the time for this action by the city counsel that if it be performed afterwards acts done under it will be valid, it is undoubtedly true, for where a statute directs a person, *Page 26 
in the discharge of a public duty, to do a thing at a certain time, without any negative words restraining him from doing it afterwards, or any expression from which such intent can be gathered, the naming of the time is but directory, and not a limitation of authority. While, therefore, the duty enjoined may be performed at a time subsequent to that named in the statute, and the action be valid, yet, the statute should be obeyed, and the duty performed at the time specified." Pott. Dwar. Stat.221 and note.
It will be observed that in the provision concerning service of citation in the Divorce act there are no negative words, such, for instance, as that the writ shall be served five days before its return and not later, nor any expression from which such intent can be gathered. Of course, the direction of the statute should be obeyed; but, if it is not literally regarded, the consequence is not that the service shall be void and the proceedings thereunder frustrated.
A citation is process, and process is the means of compelling a defendant to appear in court. Gondas v. Gondas, 4 N.J. Adv. R.1477, 1482; 98 N.J. Eq. 107. No particular form of process is necessary to constitute due process of law. Gondas v. Gondas,supra. See, also, 21 C.J. 356.
The fourteenth amendment to the constitution of the United States providing, "nor shall any state deprive any person of life, liberty or property, without due process of law," has been held to mean that to constitute a valid judgment there must be a competent tribunal within whose jurisdiction the defendant must be brought by service of process within the state or by his voluntary appearance. 9 Fed. Stat. Anno. 431; Pennoyer v.Neff, 95 U.S. 714; 24 L.Ed. 565; McGuinness v. McGuinness,72 N.J. Eq. 381, 387.
It is fundamental that in every proceeding of a judicial nature it is essential that the person whose rights are to be affected should be a party to the proceedings, and have an opportunity to make defense. In re Martin, 86 N.J. Eq. 265. Personal service within the jurisdiction of the court of a notice of the pendency of a suit in personam and a reasonable opportunity to make defense, satisfies the constitution *Page 27 
and the law, which does not regard the form of process or the time of service as of paramount importance, but does require actual notice with reasonable time to make defense.
The process of subpoena was adopted by the high court of chancery in England to compel a man to answer upon oath as to the truth of the complainant's allegations, and it was modeled upon citations by the civil and canon law. Hinde Ch. Pr. (1786)75. A defendant in all cases by the course of the court had eight days, exclusive of the day of appearance, to answer the complainant's bill, and if he could not do so, might obtain further time on application (page 225). The same provisions generally are to be found in 2 Mad. Ch. Pr. (1837) 241 etseq. Under the practice of that day a subpoena was required to be served on or before the return day. Hinde Ch. Pr. 83. And defendant was not bound to appear until the return of the process, though he be served with it ever so long before. Ibid.93. If a defendant within twenty miles of London were served with subpoena to appear and answer on the return day, he had four days afterward to appear in; if he were served within four days before the return day, he had four days, exclusive of the day of service; if served four days or more before the return he must appear on the return day. If above twenty miles from London he was served with a subpoena on the return day or within eight days before the return, he had in either case eight days from the day of service to appear, and if he were served eight days or more before the return he must appear on the return day (pages 93, 94). Formerly, in the State of New York, if a subpoena adrespondendum was not served by the return day a new subpoena might be issued as of course. 1 Hoffm. Ch. Pr. 114. And it was nothing more than a notice from the court to the defendant to appear. Ibid. 113, note.
By our Chancery act of 1799 (Pat. L. 428 § 8) it was provided that every subpoena or process for appearance shall be served at least ten entire days prior to its return. This regulation persisted down to the amendment of the Chancery act of 1913 (P.L.p. 748), in which it is provided in section 5 (as amended) that every subpoena or process for appearance *Page 28 
shall be served at least five days before its return. It is apparent that the paramount purpose in this legislation is to provide for service of notice (subpoena) and afford the defendant an opportunity to be heard. And section 15 of the Chancery act of 1799 provides that the defendant shall file his plea, demurrer or answer at or before the stated term next before the day of appearance specified in such subpoena, unless the court grant further time, in default whereof the bill shall be taken as confessed against him. In 1851 (P.L.p. 317) it was provided that the answer to any bill in chancery shall be filed withinsixty days from the return of the subpoena. This came afterwards to be abbreviated to thirty days (P.L. 1902 p. 518
§ 20), and is now twenty days. P.L. 1915 p. 196 § 60. It is significant that the replication and the counter-claim put in by a defendant are to be answered by a complainant by special replication filed within ten days after the filing of the counter-claim. It will be remembered that according to the ancient practice a defendant could obtain affirmative relief against the complainant only by the filing of an independent bill, called a cross-bill. By former rule 206, adopted October 17th, 1882, it was provided that when a defendant desired such relief as by the then existing practice could only be obtained by means of a cross-bill, it should not be necessary to file such bill to obtain it, but that there might be set up in the answer matter which would then be the proper subject of a cross-bill, which was answered by special replication filed within thirty days. The answer in the nature of a cross-bill, if filed against a co-defendant, was obliged to be served upon him to compel an answer; but the complainant was bound to take notice of its filing and had no time beyond the thirty days for answering it. And this tends to show that the paramount purpose of the law of practice in this regard was to give to the party called upon to answer a reasonable time in which to do so, then deemed to be thirty days; but now, as shown, twenty days.
If a defendant were served with a citation on or after its return day, the service would be void because the time allowed him by the statute for answering would thus be reduced *Page 29 
below the full twenty days, and he could ignore the writ as the court would not thereby obtain jurisdiction; but if service were made at any time before the return day he would have the full time provided by law for the filing of an answer even if service were not made five days before the return day named in the writ.
The main thing was the time for answering after the return (return day), and the process was directed to be served so many days before the return in order to insure the defendant's being served in ample time, so that his time for answering might not be abbreviated.
As we have seen, in England, originally, the process might be served on or before the return day, and the defendant always had so many days after the return to answer. Of course, incidentally, the defendant has, in addition to the number of days for answering provided by law, the number of days that elapse between actual service and the return day, but the twenty days now provided for answer after the return day, both of a subpoena and of a citation, afford reasonable time and opportunity for the defendant to file his answer, and this, in my opinion, is what the legislature provides for. And that is mandatory.
In McEvoy v. Trustees, 38 N.J. Eq. 420, Chancellor Runyon (at p. 421) observed that the service of the writ (subpoena) notifies the defendant of the beginning of the suit, and thereturn day is the date from which the time for defending beginsto run, and to the court the return is the evidence that it hasobtained jurisdiction over the defendant.
Mr. Justice Depue, speaking for the supreme court, in Logan
v. Lawshe, 62 N.J. Law 567 (at p. 570), said that the ancient English practice (of fifteen days between teste and return of a writ of summons against a municipality) was founded upon theStat. Marlb. c. 12, which was in affirmance of the common law; that the fifteen days that appeared in the writ between its teste and return were the fifteen days required for service. And, as Lord Coke says: "The cause whereof the common law set down the certain time of fifteen days was for that a day's journey is accounted in law twenty *Page 30 
miles * * * and, therefore, fifteen days was accounted by the common law a reasonable time of summons or attachment, within which time, wheresoever the court of justice sat in England, the party summoned or attached, wheresoever he dwelt in England before the King's writ did come, might by the said account of days' journey appear in court." 2 Inst. 567. That the reason of this common law rule of practice having vanished, there is no ground upon which this court should be controlled by the dry husk of an obsolete precedent. The rule was superseded by the statutes which regulate the service and return of writs. Even by the English practice of proceeding by an original and a summons issued upon it, if there be less than fifteen days between the teste and the return of the process it may be amended and will be aided by the defendant's appearing and pleading to the action (citing cases).
Now, these words of Mr. Justice Depue, in Logan v. Lawshe, touch the marrow of the question. They show that the reason for the length of time between service and return of process was originally to enable the defendant, by the usual time counted for a day's journey, to get to court on the return of the writ, and he very aptly observed that the decision in McNeal v.Gloucester City, which he cited, rested on grounds growing out of reasons long since obsolete. This, to my mind, means that these provisions are directory rather than mandatory.
A citation is a writ issued out of a court of competent jurisdiction, commanding a person therein named to appear on a day named to do something therein mentioned. Bouv. L. Dict.
(Rawle's 3d rev.) 489. This describes exactly a citation out of chancery in a divorce case. The writ is directed to the defendant and served upon him together with a copy of the petition, and, while he is not required to appear in person, in it he is warned to answer the petition by filing his answer in writing in the office of the clerk, at Trenton, within twenty days from the return day, and in default of so doing such order or decree will be made against him as the court shall think equitable and just. What he is required to do is *Page 31 
to answer within twenty days after the return day if he intends to make defense.
This defendant had the writ three days before the return, and if he had had a subpoena, instead of a citation, which simply warned him that a bill had been filed against him and that he was required to answer it within twenty days of the return day, he could have gone to the clerk's office in the state house at Trenton and perused the bill instead of writing there for a copy or instructing a solicitor to do so on either of the two entire days which intervened between the service and return of the writ, and afterwards would have had his full twenty days to answer, if he intended to defend; but, in this case, being served with citation and a copy of the petition, all he had to do was to file his answer in the clerk's office, and he did not have to go, or send, to Trenton at all. If he had been served after the return day of the writ, of course, his time for answering would have been abbreviated, and he could have ignored it. He was entitled to twenty days after the return day in which to answer, not fifteen or ten or any other number of days less than twenty. He had all of the time that the law contemplates as reasonable, and, besides, he had the three days after service before the return, which inured incidentally to his benefit.
In Clough v. McDonald, 18 Kan. 114, it was held that where a summons is made returnable in less than ten days, and is duly served one day before the return day thereof, neither the summons nor the service is void nor voidable. And Mr. Justice Valentine, speaking for the supreme court, said (at p. 115): "The first question presented in this case is, whether the summons as served on Mary A. Clough is void, or voidable. The only ground upon which it is claimed that it is void is that the summons was made returnable in less than ten days after its date. And the only statutes upon which this claim is based are the following: Section 61 of the civil code provides that `the summons shall be served and returned by the officer to whom it is delivered * * * within ten days from its date.' Gen. Stat. p. 641. And section 105 of the code provides that `the answer or demurrer, *Page 32 
by the defendant, shall be filed within twenty days after the day on which the summons is returnable.' Gen. Stat. p. 650. In the present case, the summons was made returnable in six days after its date, and was served by the officer on the day before the return day thereof. Now, a summons of this kind, we think, is never void. It might be voidable, however, if the officer should take the whole time [ten days] given him by law within which to serve it upon the defendant, for, in that case, the time given to the defendant within which to answer or demur would be shortened. But where the officer serves the summons before the return day thereof, as in this case, we do not think that either the summons or the service is either void or voidable. In such case the defendant has lost nothing. He has his full twenty days after the return day of the summons within which to answer or demur, and that is all that the law gives him in any case. It is the time of the officer, and not that of the defendant, that is shortened, by making the return of the summons less than ten days from its date."
This holding is closely apposite to the case sub judice. The time prescribed by our statute for service before the return of the writ (no particular length of time between teste and return being required) is more for the sheriff than for the defendant, who, if the process is served before the return day, has the full twenty days for answering, which is what the law allows.
In Crowell v. Botsford, 16 N.J. Eq. 458, Chancellor Green held that the provision in the Chancery act that a subpoena should not be issued before bill filed (except in cases to stay waste) is merely directory of the mode of proceeding; that the time or form in which the thing is directed to be done is not essential; that the proceedings in such cases are valid though the command of the statute is disregarded and disobeyed. In my judgment, the principle here enunciated is entirely apposite to the case at bar.
Of course, in small cause courts the process to answer must be served the number of days before its return required by statute, because in those tribunals trial is had upon the *Page 33 
return day, unless adjournment is granted, and, therefore, the defendant is entitled to the number of days between service and return to prepare to make defense upon the return day. But that is not this case. Here, the defendant's number of days in which to file his answer is that which runs between the return day of the process and the time named therein for filing a defensive pleading. In one class of cases the time for answering is on the return day; in the other so many days from and after the return day. And the latter is this case.
Upon this whole matter I am clearly of opinion that the provision of the statute requiring the service of citation five days before its return day is directory and not mandatory, and that if such writ be served on any day before its return day the court will acquire jurisdiction of the cause and of the defendant.
Order of reference accordingly.