| 50 | 653 |
| 52 | 394 |

GEORGE H. PEACOCK v. THE STATE OF NEW JERSEY.

1. When a defendant in a criminal prosecution was present at the trial during the introduction of the evidence against him, and then absented himself, evidence that his absence was the result of his insanity was competent and of right admissible, and the ruling of the trial court that his insanity could not be shown, but that acts and conversation of the defendant might be proved to show that he was in an excited condition, was injuriously erroneous.

2. When the sincerity and good faith of such an offer is doubted, it is within the power of the trial court to test it by requiring some attempt to make the proof, before the offer is ruled upon.

On error to the Supreme Court. For opinion of the Supreme Court, see 21 *Vroom* 34.

For the plaintiff in error, *Jacob C. Hendrickson* and *C. A. Bergen.*

For the state, *Charles E. Hendrickson.*

The opinion of the court was delivered by

THE CHANCELLOR. The plaintiff in error, during his trial before the Burlington Court of Quarter Sessions, upon an indictment for assault with intent to rape, absented himself from the court, and remained away until after the verdict was rendered.

Before the trial was concluded his counsel offered to prove, by a witness then under examination, that his absence was caused by his insanity. It was announced that the purpose of the offer was to rebut the presumption that the absence was from the defendant's sense of guilt or in his own wrong. The court overruled the offer, and suggested that the defendant's acts and conversation might be proved to show the excited condition of his mind. Later in the trial, when one of the defendant's counsel was under examination, offer was made to show by him the defendant's insanity. The object of this offer was stated to be to explain the defendant's absence from the trial. It, also, was overruled, and the court, as it did in the case of the first offer, suggested that the defendant's acts and conversation be proved to show his excited condition.

The offers were not for the purpose of staying the trial because by insanity the defendant was incapacitated from making a just defence, but were avowedly made with the design of precluding hurtful inferences, which would inevitably and naturally be drawn from the absence and failure to

testify. I think, with the Supreme Court, that the offered proof was competent, relevant, and of right admissible.

Their purpose was to prove a positive mental incapacity, more or less permanent. Such a condition would not only serve the end which the offers were designed to accomplish, but would also, because of the humanity of our laws, necessitate the suspension of the trial itself. The court expressly refused to allow this proof, and suggested that it would allow the defence to show that the defendant was in an excited condition when he left the court. I fail to understand how the suggested proof could establish that the defendant's absence from the trial and failure to testify was involuntary. As the case stood at the time of the offers, the apprehended danger was from the inference that the jury might draw from the flight of a sane defendant from the court after he had heard the evidence against him and before the conclusion of the trial. To add to this proof the fact that when he fled he was in an excited condition, would seem to aggravate the danger from which the defence shrank, while the proof that the defendant who fled was insane would preclude the dreaded inference. Proof of an excited condition is not tantamount to proof of insanity. Excitement may exist without insanity, and an insane person may be incapable of self-government, and yet not be in an excited condition. The exclusion of the proof of insanity, then, was plainly injurious to the defendant.

I fail to appreciate strength in the suggestion that the restriction of the proof was against the introduction of expert evidence. Each of the offers was to prove the defendant's insanity by the witness then under examination. There was no pretence that either witness was an expert. One was the brother-in-law of the defendant, and the other was one of his lawyers. The proposition was to prove the insanity by these witnesses. We must assume, in this consideration, that the proof offered could have been made. *Scotland County* v. *Hill,* 112 *U. S.* 183, 186. If the sincerity and good faith of the offer had been doubted, it could have been tested by the trial court, by requiring some attempt to make the proof before the

offers were overruled. *Ib.* It is not shown, or even suggested, that the offers under consideration were not made in good faith.

The judgment should be reversed.

*For affirmance*—KNAPP, PATERSON.   2.

*For reversal*—THE CHANCELLOR, GARRISON, MAGIE, VAN SYCKEL, BROWN, CLEMENT, COLE, WHITAKER.   8.