THE IRVINGTON NATIONAL BANK, a corporation, complainant-respondent,

*v.*

FRANK A. GEIGER et al., defendants-appellants, and TOWN OF IRVINGTON, defendant-respondent.

[Submitted October term, 1941. Decided February 4th, 1942.]

Messrs. *Child, Riker, Marsh & Shipman* (*Mr. Irving Riker* and *Mr. Everett M. Scherer,* of counsel), for the complainant-respondent.

Messrs. *Lum, Tamblyn & Fairlie* (*Mr. Charles B. Niebling,* of counsel), for the defendants-appellants.

*Mr. William Newman* (*Mr. Albert C. Kraft,* of counsel), for the defendant-respondent.

PER CURIAM.

This is an appeal from certain parts of a decree advised by Vice-Chancellor Bigelow which ordered that decedent's lands be sold to satisfy the complainant's undisputed debt, already reduced to judgment, there being no personal property of the decedent sufficient for that purpose. The appeal challenges the jurisdiction of Chancery in the matter. It is not disputed that the bill as filed properly invoked Chancery jurisdiction. It prayed determination of the order and priorities of lien claimants, in the matter of transfer inheritance taxes, estate taxes and local assessments; an accounting; restraint of tax certificate foreclosure; marshalling of assets, &c. The bill was filed February 13th, 1940; the decedent, Elizabeth Ollemar, had died on January 29th, 1931.

At the time of the final hearing the questions which peculiarly were cognizable in the Court of Chancery were removed from consideration. Nothing was submitted to the court except the question of whether Chancery had power to decree the sale of the decedent's land for the debt. The appellants, representing the Ollemar interests, advanced the view that the Court of Chancery was without jurisdiction or, if it had jurisdiction, that the Orphans Court had equal jurisdiction and that Chancery should have sent complainant to that court for relief. There is no merit in this point. First there was a motion to strike the bill. This was denied. There was no appeal therefrom. There was a plenitude of questions for Chancery jurisdiction. Assuming these questions were all removed, the Court of Chancery still had the right to deal with the question that remained. *Hackensack*

*Trust Co.* v. *Kelly, 120 N. J. Eq. 596; Estate of Gilbert Smith, Inc.,* v. *Cohen, 123 N. J. Eq. 421.* No deception was practiced on the Court of Chancery by the filing of the bill. None is charged. The decree ought to be affirmed, for the reasons stated by the learned Vice-Chancellor except that we reserve one question. In his opinion on the motion to strike the bill *(128 N. J. Eq. 402, 412)* the Vice-Chancellor said: "The bank, however, has a general creditor's lien and it is enforceable *only* in Chancery since more than a year has elapsed since testator's death. *Donahue* v. *Casabianca, 112 N. J. Law 158."* (Italics supplied.) This statement is unnecessary to the decision arrived at by the learned Vice-Chancellor.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.