IN THE MATTER OF THE APPLICATION OF JAMES I. HARDMAN FOR A WRIT OF HABEAS CORPUS.

Argued November 17, 1943—Decided March 14, 1944.

Before Justice PORTER.

For the applicant, *John J. Francis.*

For the state, *William A. Wachenfeld,* Prosecutor of the Pleas; *James L. McKenna,* Assistant Prosecutor, and *C. William Caruso,* Special Assistant Prosecutor.

The opinion of the court was delivered by

PORTER, J. James I. Hardman was convicted of the crime of robbery in the Essex County Court of Quarter Sessions on October 16th. 1941, before Judge Flannagan and a jury. He was sentenced on December 3d, 1941, by the trial judge to a term in state prison of from fourteen to fifteen years. It will be observed that a period of forty-eight days elapsed from the date of conviction until the date of sentence. The statute *R. S.* 2:192–1 provides: "In all criminal cases where sentence is by law to be imposed, it shall be the duty of the trial court to impose sentence upon a defendant within forty-five days after such defendant shall have been convicted of * * * a crime * * *."

Hardman seeks a writ of *habeas corpus* to review the legality of the sentence on the theory that the statute quoted makes mandatory the imposition of sentence within forty-five days of conviction and that the court had no jurisdiction after that period. His contention is that not having been sentenced within the forty-five day period of limitation, the sentence is void and he is therefore entitled to be liberated from prison.

We are not in accord with that view and so must deny the application. In *Ervolini* v. *Camden County,* 127 *N. J. L.* 473, it was held that "where the word 'shall' is used in a statute the presumption is that its use is imperative and not merely directory unless the character of the legislation or the context justifies a different meaning." Authorities are cited. Tested by this definition we do not think the legislature used the words "it shall be the duty" in the statute in a mandatory sense, but rather in a directory sense. Having in mind the subject-matter of the statute, it seems to us that it was the legislative intent to set out a procedure of prompt action in the imposition of sentences and not to make a hard and fast rule limiting the power or jurisdiction of the court to forty-five days. The purpose of a trial of an indictment is to ascertain the truth of the charge and the protection of society from evil doers. The sentencing is an incident and seems procedural or directory rather than mandatory, and the trial court has wide discretionary power in performing that duty. If such a strict construction as is argued for were placed upon the language of the statute, it would mean that if because of illness or needed time for investigation of the defendant's previous conduct or for other good reason the court was unable to impose sentence within forty-five days, jurisdiction over the defendant would terminate and he would be entitled to his freedom. That would not be reasonable or in the public interest. In *Zwillman* v. *State,* 9 *N. J. Mis. R.* 66, there was a criminal conviction and the sentence was not imposed within thirty days. The provision of the statute then in effect (*Pamph. L.* 1928, *ch.* 232) was, "it shall be the duty of the court to impose sentence within thirty days * * *." An application for a writ of

*habeas corpus* was denied by Chief Justice Gummere, and an application for a writ of *certiorari* to review his refusal was denied by the Supreme Court *in banc*. While that decision was based largely on the fact that the delay of sentencing was occasioned by the action of the defendant in various motions for a new trial, &c., still consideration was given to the question of whether the statute was mandatory. The reasoning was as follows, found on page 69:

"It is argued that the effect of these legislative enactments is to require the court to impose sentence within thirty days after the rendition of a verdict, and that although the defendant in this case was seeking to have his conviction set aside the court must impose the sentence within the time fixed by law, although it was considering the matters urged on the defendant's rule, and thereby lost its power to impose sentence. Thus, the defendant by trick, could defeat the state of its remedy.

"It is inconceivable to suppose that the legislature intended any such result. As Vice-Chancellor Garrison pointed out in *State* v. *Osborne, supra,* the power to suspend sentence where the defendant does not object, resides in the courts of this state. It certainly resides in these courts where defendant, by his own motions, has delayed the imposition of sentence. Otherwise, the legislative enactment, which was obviously intended to be merely directory, would result in fugitives from justice and those who sought a new trial by rule to show cause on motions in arrest of judgment securing a release from the penalties of the law and would, by the mere passage of the days, secure immunity from punishment."

In *Sheldon* v. *Sheldon,* 100 *N. J. Eq.* 24, Chancellor Walker said this:

"As to *mandatory* and *directory* statutes, it is said that when the provision of an act is the essence of the thing required to be done it is mandatory; otherwise, when it relates to form and manner, and where an act is incident, it is directory merely. *Bouv. L. Dict. (Rawle's 3d rev.)* 3130. The essence of the provision under consideration is service, not time of service; the latter is rather an incident of the main purpose, except that service must be made in time to

prevent any curtailment of the period allowed after the return day for filing an answer. The word 'shall' is to be construed as merely permissive when no public benefit or private right requires it to be given an imperative meaning. 36 *Cyc.* 1161. (Cited approvingly by the Court of Errors and Appeals in *McDonald* v. *Freeholders of Hudson,* 99 *N. J. L.* 170—at *p.* 172.) Even 'must' has been construed as merely directory where, from a construction of the entire statute and the object to be accomplished by it, such appears to have been the intention of the legislature."

Tested by that rule certainly no public benefit or private right would be lost by a delayed three days beyond the statutory period. The defendant lost no right of appeal, nor do we think his rights were prejudiced at all by the delay.

The application will be denied, but without costs.