## IN THE MATTER OF THE APPLICATION OF HAROLD KONIGSBERG FOR WRIT OF *HABEAS CORPUS*.

**Hudson County Court**
**Law Division**

Decided September 26, 1956.

*Mr. Frederick T. Law,* Prosecutor of Hudson County, attorney for the State.

*Mr. Abraham Miller,* attorney for petitioner (assigned by the court).

DREWEN, J. C. C.   Petitioner, now confined to the New Jersey State Prison, was tried before me and a jury on an indictment for robbery, in the Hudson County Court. The jury returned a verdict of guilty, whereafter defendant was duly sentenced to the term of imprisonment presently being served by him.   He petitions for *habeas corpus*.

During the pendency of the indictment and before trial the accused was committed, by order of this court bearing date March 21, 1950, and in accordance with the statute in such case made and provided, to the House of Detention for the Criminal Insane established at the New Jersey State Hospital, Trenton, N. J.   Thereafter, as will more fully appear, and in like accord with the statute thereto appertaining, he was discharged from custody under the said commitment and transferred, as cured and without psychosis, to the Hudson County Jail, there to be dealt with according to law.   Such transfer was made by order of this court bearing date May 17, 1950 upon the petition for transfer and certificate of cure made and addressed to this court by Harold S. Magee, M. D., Chief Executive Officer of New Jersey State Hospital at Trenton, N. J., and bearing date May 11, 1950.

Upon the moving of the indictment for trial counsel for defendant made representation to the court that the certificate of cure was not to be found; that although the aforementioned order for transfer from the House of Detention to the Hudson County Jail (with its recital of the aforementioned certificate of cure) was of record in the court's file, counsel had been unable to locate therein the basic certificate itself.   The trial judge thereupon examined the said order of transfer of May 17, 1950, and adjudged that its recitals import verity; he thereupon also communicated personally by telephone with the above-named Harold S. Magee, M. D., and learned from him that the said Magee had duly made and issued the petition for release and certificate of cure of May 11, 1950, and that the same was then outstanding and in full force and effect, the trial judge being at the same time further informed by the said Magee

that a record duplicate of the said document was then before him. The court, being of opinion that the information thus obtained, plus the existence in the clerk's file of the said order of transfer, afforded ample ground for the making of an order *nunc pro tunc* should it eventuate that the original of the said petition and certificate could not be located, ordered the trial to proceed.

One ground only upon which the issuance of the writ is sought merits attention. It is that the court, in the absence of a certificate of cure,—such absence being assumed—was without jurisdiction to order defendant to trial. Had no certificate of defendant's cure been made, authority in law to try the case would doubtless have been lacking. But whether or not, in the light of what has been already set forth, the document in point was truly and legally before the court, is a question that is begged by the contention of petitioner in stating his ground for the writ's issuance.

The relevant portion of the statute provides (*N. J. S. A.* 30:4–82; *N. J. S.* 2A:163–2):

"When, however, such person is in a condition to be discharged from the institution to which he has been removed, as cured, upon that fact being certified by the chief executive officer to the justice or judge, such person shall be remanded by order of the justice or judge to the place in which he was confined under commitment, indictment or sentence, or other process as aforesaid, there to be dealt with according to law. * * *"

However, and notwithstanding the representations to the trial court as shown above, the over-arching fact is that at all times within the compass of the problem now submitted, the document in question was properly in the clerk's file and part of the court's record. This is demonstrated by the location of the document and the record of its receipt and filing, as aforesaid, resulting from an examination of such file and record made under the immediate supervision of the court. The same have also been examined by counsel above-named, assigned by the court to represent petitioner herein.

The chronology of relevant events, as revealed by the court's examination of its records, is as follows:

July 14, 1949 — Defendant admitted to bail in the sum of $20,000 on the recognizance of Frank and Rose Konigsberg.

March 22, 1950 — Defendant committed in due form and in accordance with the statute in such case made and provided by Judge Duffy of the Hudson County Court, to the House of Detention for the Criminal Insane at the New Jersey State Hospital, Trenton, N. J.

May 11, 1950 — Certificate by Harold S. Magee, M.D., Chief Executive Officer of the New Jersey State Hospital at Trenton, certifying that defendant "is cured and has no psychosis and is in a condition to be discharged from said institution"; and petitioning the court for an order remanding the defendant to the Hudson County Jail there to be dealt with according to law. Petition and certificate received and filed by the clerk May 19, 1950.

May 17, 1950 — Order by Judge Duffy of the Hudson County Court pursuant to petition and certificate of the said Harold S. Magee, M.D., as aforesaid, remanding defendant to the Hudson County Jail, there to be dealt with according to law. Order received and filed by the clerk May 19, 1950.

June 8, 1950 — Defendant readmitted to bail in the sum of $20,000 on the recognizance of Frank and Rose Konigsberg.

October 2-3, 1950 — Trial of the indictment.

In addition, it is important to note that upon the moving of the indictment for trial no representation was made to the court that the accused was not in every way capable of standing trial. He was at large on bail at the time, no adjournment was asked, and when the court finally ordered that the trial proceed defense counsel declared "The defense is ready." Before the jury was drawn there was a motion to dismiss the indictment "on the ground that it does not set forth a crime." The motion having been denied, no other motion was made.

It remains only to be added that no claim is made that jurisdiction in the court was lacking in any institutional

sense.   Objection is directed rather to the invalidity of the court's direction to proceed in the face of the circumstances claimed to exist in the particular case.   What is presented therefore is probably a ground reviewable on appeal and which is not the subject of *habeas corpus*.   *Matter of Hill, 2 N. J. Super.* 598 (*Law Div.* 1949) ; *In re Cooley, 12 N. J. Super.* 97, at *page* 101 (*Cty. Ct.* 1951).   But because of the complete and basic lack of the factual situation relied on and assumed in the petition for the writ, the question of appealability has not been considered by me.

The petition for *habeas corpus* is dismissed.