42 N.J. Super. 369 (1956)
126 A.2d 660
BOROUGH OF PARAMUS, A MUNICIPAL CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BLOCK 1527, LOTS 1-2, ASSESSED TO RIDGEWOOD PARK ESTATES, ET AL. JANET KINGSBURY TURNBULL AND HUDSON TRADING CORPORATION, CLAIMANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1956.
Decided November 1, 1956.
*371 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Joseph M. Lynch argued the cause for the plaintiff-respondent (Mr. Guy W. Calissi, attorney).
Mr. Seymour Gelzer argued the cause for the claimants-appellants.
The opinion of the court was delivered by FRANCIS, J.A.D.
The Borough of Paramus instituted action under the In Rem Foreclosure Act, N.J.S.A. *372 54:5-104.29 et seq. to foreclose certain tax sale certificates, in one of which appellants claim an interest. Final judgment therein, barring the right of redemption and vesting the fee in the borough, was filed on January 19, 1956 and recorded in the office of the Clerk of Bergen County on February 2, 1956. Appellants moved to vacate the judgment on the ground that the proceedings were void because of certain procedural defects. The motion was argued and denied on May 18, 1956. The propriety of the ruling has been brought up for review.
The filing date of the notice of motion does not appear in the appendix as required by R.R. 1:7-1(f). The notice and supporting affidavit are dated May 1. The procedural sections of the In Rem Foreclosure Act were removed therefrom by L. 1953, c. 51. Then they were incorporated in the revised rules of practice, R.R. 4:82-7. However, section 39 of the original act, dealing with applications to reopen a final judgment in such an action, was retained. L. 1953, c. 51, § 91; N.J.S.A. 54:5-104.67. The section provides:
"No application shall be entertained to reopen such judgment after three months from the date of the recording thereof in the office of the county recording officer, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the action."
Since the filing date of the notice is not set forth and no issue is presented with respect thereto, it is not necessary to discuss whether the statutory time limitation or that set forth in R.R. 4:62-2 is controlling. See Teaneck Twp. v. Block 427, Lots 9-10, 10 N.J. 386, 392 (1955).
Appellants charge that the judgment should be set aside because of failure of the borough to comply with N.J.S.A. 54:5-104.35 as amended. The section provides:
"The governing body of any municipality may, from time to time, determine, by resolution, to foreclose any of the tax sale certificates held by it, by the summary proceedings In Rem provided by this act. Such resolution shall list the lands against which such proceedings shall be instituted. Such list, to be known as the `tax foreclosure list,' shall be prepared and certified by the tax collector. It shall *373 schedule the lands and certificates in numerical sequence, and shall contain the following information:
(a) Schedule number.
(b) Description of the land as it appears on the tax duplicate and in the certificate of tax sale.
(c) Serial number, or, if no serial number, other identification of the certificate of tax sale.
(d) Date of tax sale.
(e) Book and page or date and instrument number of the record of the certificate in the office of the county recording officer if such certificate has been recorded at the time of the adoption of such resolution, and the prior recording of the tax certificate shall not be a prerequisite to the adoption of the resolution.
(f) The amount of the sale as set forth in the certificate.
(g) The amount of all tax liens accruing subsequent to the tax sale, including interest, penalties and costs.
(h) The amount required to redeem.
(i) The name of the person appearing as the owner of the land to be affected by the foreclosure proceedings as it appears on the last tax duplicate of the municipality, or the word `unknown' if no name appears thereon."
The resolution adopted by the borough authorized its attorney to acquire title "to the premises hereinafter described" either by foreclosure or voluntary deed. Then followed a specification of properties (including that of appellants) described by Block and Lot numbers. It is undisputed that it was not a "tax foreclosure list" as defined by the statute.
Subsequently a tax foreclosure list was prepared and certified by the tax collector. Appellants recognize its adequacy with respect to their property and offer no criticism of it. The list was made part of the verified complaint in the foreclosure action as required by R.R. 4:82-7. And admittedly all of the pertinent provisions of the rule with respect to notice and publication were complied with.
Section (h) of the rule says:
"As to any parcel concerning which no answer has been filed * * *, the court shall, by the verified complaint, proofs of publication and posting, and by affidavit of nonredemption, determine whether or not there has been a compliance with the provisions of the said act and, if satisfied that there has been a compliance therewith, shall make a final judgment granting the relief provided herein."
*374 No answer having been filed and the court, having considered the proofs recited in the rule, executed the final judgment now under attack.
Appellants contend that the tax foreclosure list must be prepared prior to the adoption of the municipal foreclosure resolution and incorporated therein, and that failure to do so is a jurisdictional defect invalidating the entire proceeding. The borough, on the other hand, argues that the statute does not specify the time sequence for the two steps and suggests that preparation of the list may follow the resolution so long as it is completed and included in the complaint when filed. It urges further that even if appellants are correct in their view of the statute, so far as incorporation of the list in the resolution is concerned, the requirement is directory and not mandatory and therefore non-compliance does not invalidate the judgment.
Study of the statute has brought us to the conclusion that the intent manifested by the language is that the list shall be prepared and certified by the collector prior to the resolution and then made part thereof. In this way the proceedings from inception to conclusion make a homogeneous whole which is consistent with their unique character. Such opinion is not dispositive of the matter. There remains to be decided whether the obligation thus imposed is mandatory or directory.
It is apparent from City of Newark v. Yeskel, 5 N.J. 313 (1950), which sustained the constitutionality of this act, that the crucial, mandatory and jurisdictional sections are those which regulate the manner in which notice of the proceedings is to be given. Notice being of the essence of due process, plainly the requirements with respect thereto are mandatory and must be strictly complied with. Id., 5 N.J., at page 323. The organic law is satisfied only if those provisions are reasonably calculated, under all of the particular circumstances, to apprise interested parties of the pendency of the action. Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed.  (1956).
*375 No obligation is imposed by the statute or the rules that the resolution incorporating the foreclosure tax list be made part of the judicial proceedings. It need not be published alone or included or referred to in the notice to the defendants which must be published in the action; only the list itself is required to be set out in that notice. R.R. 4:82-7(b); Form 33, Civil Procedure Forms. Nor is it one of the factors to be passed upon by the trial court in determining whether the act has been complied with before entering final judgment. R.R. 4:82-7(b).
Decision as to whether a particular regulation ordained by legislation is imperative or directory is reached by a construction of the entire statute and a consideration of the object sought to be accomplished. When the requirement does not appear to be of the essence of the law, but rather relates to form and manner and is an incident thereof, it is directory. Sheldon v. Sheldon, 100 N.J. Eq. 24 (Ch. 1926); In re Norrell's Estate, 139 N.J. Eq. 550 (E. & A. 1947); In re Hardman, 131 N.J.L. 257 (Sup. Ct. 1944); Sharrock v. Borough of Keansburg, 15 N.J. Super. 11 (App. Div. 1951).
The purpose of making the tax foreclosure list a part of the resolution to foreclose the certificates is primarily to identify and to give official sanction to the action with relation to the described properties. In our judgment the use therein of the precise list prescribed is not of the essence of the statute but rather a formal or directory matter. Where, as here, a schedule is included containing a description of the property in question which identified it, and a proper list is prepared and utilized in all phases of the judicial proceedings which are basic to the satisfaction of the due process demands of the enactment, the final judgment ought not to be regarded as vitiated by the incidental failure complained of by appellants. Compare: In re Foreclosure of Tax Liens, 279 App. Div. 1008, 105 N.Y.S.2d 829 (App. Div. 1951); City of New Rochelle v. Closter, 269 App. Div. 1053, 58 N.Y.S.2d 582 (App. Div. 1945); Village of Pleasantville v. Gross, 297 N.Y. 767, 77 N.E.2d 787 *376 (Ct. App. 1951). This view is consonant with the statement of the lawmakers that "[t]his act shall be liberally construed as remedial legislation to encourage the barring of rights of redemption * * *." N.J.S.A. 54:5-104.31.
As was said by the Supreme Court of Oregon in Frederick v. Douglas County, 176 Or. 54, 155 P.2d 925 (1945), concerning a similar statute:
"In reaching a conclusion as to what statutory provisions are jurisdictional, a distinction may be made between procedures which are required both by statute and also by the due process clause of the constitution on the one hand, and procedures required by statute alone, over and beyond anything rendered necessary by the constitution, on the other." 155 P.2d, at page 929.
Much emphasis is placed by appellants upon the word "shall" in connection with the duty to list in the resolution the lands concerned in the proceeding, and in the direction to prepare the tax foreclosure list. In another Oregon case dealing with the tax foreclosure act the court said:
"While the mandatory `shall' is used in these sections, there are no negative words importing that the acts shall not be done at any other time than those designated, nor can it be seen in what way the preparation of the foreclosure list and the commencement of the suits at subsequent dates will operate to the prejudice of any tax payer. We think that the provisions were `designed to secure order, system and dispatch in proceeding,' and, while the legislature undoubtedly intended that public officers should obey them, otherwise they would not have been enacted, it was not the intention, we think, to stamp them with the character of essential acts, the failure to perform which at the exact times prescribed would vitiate everything that might thereafter be done." Childs v. Marion County, 163 Or. 411, 97 P.2d 955, 956 (1940).
All of these considerations lead to the conclusion that the trial court was justified in refusing to vacate the judgment in question. Accordingly, the order is affirmed.