44 N.J. Super. 281 (1957)
130 A.2d 45
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD KONIGSBERG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 4, 1957.
Decided March 22, 1957.
*282 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Harold Konigsberg pro se.
Mr. Frederick T. Law, Hudson County Prosecutor, attorney for plaintiff-respondent (Mr. Frank J.V. Gimino, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Harold Konigsberg appeals from the denial of his application for a writ of habeas corpus, the reasons for which are stated in the opinion of Judge Drewen reported in Application of Konigsberg, 41 N.J. Super. 490 (Cty. Ct. 1956).
The facts pertinent on this appeal are as follows: On May 2, 1949 Konigsberg was indicted for robbery. Pursuant to R.S. 30:4-82, now N.J.S.A. 30:4-82, on February 27, 1950 it was ordered that an inquiry be made and proofs taken relating to his mental condition. By order of March 21, 1950 he was transferred from the Hudson County Jail *283 to the House of Detention for the Criminal Insane at the New Jersey State Hospital at Trenton, established for the care and treatment of the insane. On May 11, 1950 Dr. Harold Magee, Chief Executive Officer of the State Hospital, by petition certified that Konigsberg was "cured and has no psychosis and is now in a condition to be discharged from said institution as a patient." Thereafter, on May 17, 1950 Konigsberg was remanded to the Hudson County Jail and on October 2, 1950 was brought to trial.
His attorney thereupon objected to the trial proceeding, requesting that the court determine whether Konigsberg was capable of standing trial, since the original certificate of Dr. Magee discharging the defendant as cured could not be found in the files of the Hudson County Clerk's Office. By direction of Judge Drewen a search for the certificate was made, but it was not found, although the order of May 17, 1950 remanding Konigsberg was in the court's file and specifically referred to Dr. Magee's certificate. Konigsberg's attorney continued to object to the trial proceeding in the absence of the certificate of release, although Konigsberg was then actually in the courtroom.
After a recess Judge Drewen announced that he personally had just spoken to Dr. Magee on the telephone and that Dr. Magee had stated that prior to May 17, 1950 he had certified to the Attorney-General that Konigsberg "was in a condition of cure and fit to be discharged from further detention at the institution," and that upon receipt of the court order of May 17, 1950 he had, on May 24, 1950, authorized Konigsberg's release. Judge Drewen stated further that he had then telephoned to Mr. Urbaniak of the Attorney-General's office, who has charge of releases from the State Hospital, who stated that he had before him the duplicate original of Dr. Magee's petition and certificate of cure which had been mailed on May 11 to the Prosecutor of Hudson County. Judge Drewen then said that upon the strength of these statements he would "assume the existence of the records in their respective offices sufficient to afford a basis for the making of papers and documents nunc pro tunc *284 should the original certificate and petition continue to be unavailable." He then ordered the trial to proceed. After a two-day trial Konigsberg was found guilty and sentenced to State Prison for a term of 14 to 15 years.
The respondent's brief states that on February 23, 1951 the defendant appealed to the Appellate Division, which in an unreported opinion affirmed the conviction. Subsequently, the defendant filed a notice of appeal to the New Jersey Supreme Court, but this was never perfected; instead, he applied to the Mercer County Court for a writ of habeas corpus, which on May 9, 1952 was denied.
In July 1956, almost six years after his conviction, Konigsberg applied to the Hudson County Court for a writ of habeas corpus predicating his application on the ground that the trial court should not have, on October 2, 1950, proceeded with his trial in the absence of the statutory certificate of cure. The defendant does not contest that Dr. Magee signed a certificate of cure, nor that he had in fact been released from the State Hospital and remanded for trial, nor does he contend that he was not capable of standing trial. His petition was dismissed and he appeals.
R.S. 30:4-82, in effect at the time of the defendant's trial, provided as follows:
"If any person in confinement under commitment, indictment or sentence * * * shall appear to be insane * * * the * * * judge of the court of common pleas * * * may * * * institute an inquiry and take proofs as to his mental or physical condition * * *.
If such * * * judge shall determine that said person is insane * * * he shall order that such person be removed from imprisonment, and that he be confined in one of the institutions for the care and treatment of such persons owned by this state * * *.
When, however, such person is in a condition to be discharged from the institution to which he has been removed, as cured, upon that fact being certified by the chief executive officer to the * * * judge such person shall be remanded by order of the * * * judge to the place in which he was confined * * * there to be dealt with according to law * * *. This certificate, together with the order of the * * * judge, shall be filed with the clerk of the county. * * *"
*285 The defendant raises no objection based upon any part of the statutory language except the last sentence requiring the filing of the certificate of cure with the county clerk. The statute relates to the transfer of confined persons to institutions for the insane and not to the trial of such persons. It does not provide that the certificate of cure be on file with the County Clerk or in the hands of the trial court as a condition precedent to trial. Indeed, from the wording of the statute the procedure is the same whether the confined person is under "commitment, indictment or sentence." Accordingly, the statute should not be construed to require that the certificate of release be on file at the time of trial. However, conceding arguendo that such a construction might be tenable, the test of statutory construction as stated in In re Hardman, 131 N.J.L. 257, 259 (Sup. Ct. 1944), is that "when the provision of an act is the essence of the thing required to be done it is mandatory; otherwise, when it relates to form and manner, and where an act is incident, it is directory," quoting from Sheldon v. Sheldon, 100 N.J. Eq. 24 (Ch. 1926). Thus, in conformity with the rule, if there be any implied requirement that the certificate be on file at the time of trial, it would be merely directory.
The question which goes more to the essence of this proceeding is whether or not Konigsberg had actually been duly certified as cured and was capable of standing trial. It was stated in State v. Peacock, 50 N.J.L. 34 (Sup. Ct. 1887), reversed on other grounds, 50 N.J.L. 653 (E. & A. 1888) that:
"It is undoubtedly the law that a person, who, by reason of insanity, is unable to comprehend his position, and to make his defense, cannot be placed upon trial for a crime. If the court, either before or during the progress of such a trial, either from observation or upon the suggestion of counsel, have facts brought to its attention which raises a doubt of the condition of defendant's mind in this respect, the question should be settled before another step is taken. * * *"
State v. Noel, 102 N.J.L. 659 (E. & A. 1926); State v. Auld, 2 N.J. 426, 435 (1949). However, here, the defendant *286 makes no claim either that the certificate was not made or that he was insane at the time of trial. In fact, the order of May 17, 1950 which Judge Drewen had before him, stated that Dr. Magee had certified that Konigsberg was cured and in a condition to be discharged as a patient. Moreover, the defendant was before the court in person, with his attorney, to stand trial. He could have been present only if upon Dr. Magee's certification as to his sanity he had been released from the State Hospital and remanded to the Hudson County Jail.
The defendant grasps at a weak reed in seeking to rely upon a remark made by Judge Drewen when, at the trial, before he fully investigated the circumstances of defendant's release he said: "If the certificate is here, we will be ready to proceed. If it is not here, we cannot proceed." As previously stated, the court then made further investigation by telephone and thereafter directed that the trial proceed. At this point, the defendant's attorney stated: "The defense is ready." Under the circumstances, we consider Judge Drewen's action to have been entirely proper.
Affirmed.