52 N.J. Super. 76 (1958)
144 A.2d 811
KEYPORT SEWERAGE AUTHORITY, AND ALTON WALLING, AND BOROUGH OF KEYPORT, INTERVENOR, PLAINTIFFS,
v.
ANTHONY GRANATA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 16, 1958.
*78 Mr. Vincent C. DeMaio (Messrs. Heuser, Heuser & DeMaio, attorneys), for plaintiffs Keyport Sewerage Authority and Alton Walling.
Mr. Edward Currie, attorney for plaintiff-intervenor Borough of Keyport.
Mr. David Resnikoff, attorney for defendant.
MARIANO, J.S.C.
This is a contest over the right to membership on the Keyport Sewerage Authority.
Immediately prior to the pretrial conference the Borough of Keyport sought and obtained, without objection, permission to intervene as a party plaintiff. It adopted and approved and agreed to be bound by the stipulation of facts, oral argument and memoranda of law submitted and filed by the plaintiffs. All the parties, through their respective counsel, stipulated the following facts, and requested that the court, upon oral argument and submission of memoranda of law, decide the matter as if cross-motions for summary judgment had been made.

STIPULATED FACTS.
1. The Keyport Sewerage Authority was created by the mayor and council of the Borough of Keyport pursuant to the provisions of the "Sewerage Authorities Law," L. 1946, c. 138, p. 639; N.J.S.A. 40:14A-1 et seq.
2. The ordinance required by N.J.S.A. 40:14A-4(b) was enacted and a certified copy thereof was filed with the Secretary of State on March 25, 1957, as required by N.J.S.A. 40:14A-4(d). The Secretary of State's certification of the filing of the ordinance is annexed hereto as Schedule A-1.
*79 3. On March 25, 1957 the borough council of the Borough of Keyport adopted a resolution appointing Anthony Granata to membership on the Keyport Sewerage Authority for a term expiring on February 1, 1958. The minutes of the meeting at which the resolution was adopted is annexed hereto and made part hereof as Schedule E.
4. A certified copy of the aforementioned resolution was filed with the Secretary of State of the State of New Jersey on April 11, 1957. The certificate of the Secretary of State, certifying to the filing of the aforesaid resolution, is annexed hereto and made a part hereof as Schedule B-1.
5. The minutes of a meeting of the borough council for February 10, 1958 show the following: "Mr. LoPresto made a motion that Anthony G. Granata be appointed a member of the Keyport Sewerage Authority starting February 1, 1958. Mr. Hansen seconded the motion which carried unanimously on roll call." The copy of the minutes of this meeting are attached to the complaint.
6. Defendant, Anthony Granata, was unanimously appointed chairman of the Keyport Sewerage Authority by the other members of the Sewerage Authority.
7. The motion referred to in paragraph 5 above that was made by Mr. LoPresto was made verbally from the floor and no writing was read by the clerk to the governing body.
8. On August 15, 1958 the following resolution was unanimously adopted by the mayor and council of the Borough of Keyport:
"Be it resolved by the Mayor and Council of the Borough of Keyport that since the appointment of Mr. Anthony Granata to the Keyport Sewerage Authority was made by motion rather than by resolution as required by the Statutes of the State of New Jersey that his seat be declared vacant."
A copy of the minutes of the meeting of August 15 are annexed hereto and made a part hereof as Schedule F.
9. On August 15, 1958 the following resolution was unanimously adopted by the mayor and council of the Borough of Keyport:
*80 "Be it resolved by the Mayor and Council of the Borough of Keyport that Alton Walling is hereby appointed to a position on the Keyport Sewerage Authority to fill the office formerly held by Anthony Granata whose position on said Authority was declared vacant for failure of legal appointment;
Resolved further that a certified copy of this resolution be forwarded to the Secretary of State of New Jersey."
A copy of the minutes of the meeting of August 15 is annexed hereto and made a part hereof as Schedule F. The certification of the Secretary of State certifying that a copy of the resolution has been filed with him is annexed hereto and made a part hereof as Schedule D-1.
10. The resolution which was submitted to the governing body was contained in a writing which was read by the borough clerk to the governing body prior to its being voted on.
11. The practice followed by the governing body of the Borough of Keyport in the payment of bills is to prepare a written resolution which is read at the meeting. The resolution contains the bills to be paid and the resolution is read to the governing body prior to its being voted on.
12. At a meeting of the Keyport Sewerage Authority, held on Monday, August 19, 1958, plaintiff Alton Walling and defendant Anthony Granata both claimed the right to membership on the Keyport Sewerage Authority.
13. Defendant Anthony Granata has in his possession the minute books of the Keyport Sewerage Authority.
14. The oath of office was administered to Mr. Granata following his "appointment."

CONCLUSIONS OF LAW.
A complete resume of the court's obligations and responsibilities on motions for summary judgment is contained in Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). See also Devlin v. Surgent, 18 N.J. 148 (1955).
Mr. Justice Brennan, presently an Associate Justice of the U.S. Supreme Court and formerly an Associate Justice *81 of the Supreme Court of New Jersey, referring to R.R. 4:58, which sets forth the summary judgment procedure, said:
"It is designed to provide a prompt, business-like inexpensive method of disposing of any cause which a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial."
Judson v. Peoples Bank & Trust Co. of Westfield, supra.
The stipulated facts in the instant matter clearly demonstrates the absence of any genuine issue of the material facts.
Fundamentally, the controversy is over the right to a public office. R.R. 4:88 was intended to abolish the forms and procedures incident to the prerogative writs but not to substitute rights and defenses thereunder. Thus under the said rule the merits of the case may be adjudicated regardless of whether the action falls under the old writs of certiorari, mandamus, prohibition or quo warranto.
The basic and exclusive issue involved in this suit is: "Was defendant's appointment to the Keyport Sewerage Authority on February 10, 1958 made in accordance with N.J.S.A. 40:14A-4(b), and 40:14A-4(e)?"
N.J.S.A. 40:14A-4(b) provides, inter alia, that after the creation of the authority, it shall consist of five members "* * * who shall be appointed by resolution of the governing body. * * * The members first appointed shall, by the resolution of appointment, be designated to serve for terms respectively expiring on the first days of the first, second, third, fourth and fifth February next ensuing after the date of their appointment. On or after January 1 in each year after such first appointments, 1 person shall be appointed as a member of the sewerage authority to serve for a term commencing on February 1 in such year and expiring on February 1 in the fifth year after such year. * * *" (Italics mine)
N.J.S.A. 40:14A-4(e):
"A copy of each resolution appointing any member of a sewerage authority adopted pursuant to this section, duly certified by the *82 appropriate officer of the local unit, shall be filed in the office of the Secretary of State. A copy of such certified resolution, duly certified by or on behalf of the Secretary of State, shall be admissible in evidence in any suit, action or proceeding and, except in a suit, action or proceeding directly questioning such appointment, shall be conclusive evidence of the due and proper appointment of the member or members named therein."
Counsel for plaintiffs urge the invalidity of defendant's appointment on February 10, 1958 because the same was made by a motion instead of a resolution.
A study of the Sewerage Authority Law, N.J.S.A. 40:14A-1 to 37, inclusive, reveals that one of the powers expressly reserved to the municipality after the creation of an authority is that of the appointment of the original and successor members of the body, N.J.S.A. 40:14A-4(b). See Beyer v. Township Committee of the Township of Mount Holly, 6 N.J. Super. 409 at page 413 (Law Div. 1949).
Immediately after the establishment of the authority on March 15, 1957 defendant was by resolution appointed a member thereof for a term expiring on February 1, 1958. See page 6 of Exhibit "E" attached to Stipulation of Facts.
The official minutes of a meeting of the borough council held on February 10, 1958, attached to the complaint, shows the reappointment of defendant in the following manner:
"Mr. LoPresto made a motion that Anthony Granata be appointed a member of the Keyport Sewerage Authority starting February 1, 1958. Mr. Hansen seconded the motion, which carried unanimously on roll call."
This motion was duly recorded and set forth in the official minute book of the municipality. Subsequent thereto defendant was unanimously appointed chairman of the Sewerage Authority by the members thereof, and served until August 15, 1958. On said date, without any notice of any hearing nor service of any charges, the borough council declared defendant's seat vacant because he was on February 10, 1958 appointed by motion instead of resolution. On same date plaintiff Walling was appointed to fill the alleged vacancy. Both now claim membership.
*83 Technically and correctly speaking an ordinance differs fundamentally from a resolution or other forms of expression or action of a municipal legislative body. While there are in some instances and for some purposes fundamental distinctions between a resolution and an ordinance, there is no such broad distinction between a resolution and other acts of a municipality such as motions or orders. It may be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctly a legislative act.
It has been held that there is no substantial distinction between a motion and a resolution, that the terms are practically synonymous and that they are the same.
A body such as a borough council must act when assembled at stated or special meetings, and organize with a mayor to conduct and a clerk to record its proceedings. It can hardly act in any manner other than by ordinance or resolution or something equivalent thereto. Every act must be by a vote of the members present, and whether it is called an order, direction, or motion, it still is a resolution because it must be resolved on upon a motion by some member. Town of Irvington v. Ollemar, 128 N.J. Eq. 402 (Ch. 1940), affirmed Irvington Nat. Bank v. Geiger, 131 N.J. Eq. 189 (E. & A. 1942).
In Sawyer v. Lorenzan & Weise, 149 Iowa 87, 127 N.W. 1091, Ann. Cas. 1912 C 940 (Sup. Ct. 1910), the statute involved required a certified copy of a resolution by town council consenting to the engagement in business relative to the sale of intoxicating beverages. The council adopted and had spread upon the minutes the following motion which the court held to be a resolution:
"Motion made and seconded that L. & W. be granted liquor license on lots 1 and 2. Carried."
See also Monroe v. Pearson, 176 Iowa 283, 157 N.W. 849 (Sup. Ct. 1916), and in Spokane v. Ridpath, 74 Wash. 4, *84 132 P. 638 (Sup. Ct. 1913), the action of council recorded in the form of an informal motion made and carried was held to be a resolution.
Mill v. City of Denison, 237 Iowa 1335, 25 N.W.2d 323 (Sup. Ct. 1946), held that a motion adopted by a majority of the council by call of yeas and nays and recorded, is in legal effect a resolution.
When an oral motion is adopted by a city council it becomes a resolution or order of that body. City of Green Bay v. Brauns, 50 Wis. 204, 6 N.W. 503 (Sup. Ct. 1913), approved in Meade v. Dane County, 155 Wis. 632, 145 N.W. 239 (Sup. Ct. 1914); State ex rel. Wagner v. Summers, 33 S.D. 40, 144 N.W. 730 (Sup. Ct. 1913).
A commissioner moved that a permit to sell intoxicants at retail be granted, and that proper officer be directed to issue it, and the motion prevailed, it was held that the motion was a resolution. The court said:
"In adopting that so called motion the board of commissioners thereby determined to grant the permit. The effect was the same as if a formal written resolution had been presented and adopted."
The Supreme Court of Pennsylvania in Commonwealth ex rel. Tarner v. Bitner, 294 Pa. 549, 144 A. 733 (1929), held that the act of the borough council appointing a tax collector to fill a vacancy was in form of "motion" instead of "resolution," as provided by the statute, did not render the appointment void where the substance and purpose of the act of council carried the weight of a resolution. The court also stated that a resolution or order, as sometimes called, is an informal enactment of a temporary nature, providing for the disposition of a particular piece of the administrative business of a municipal corporation. It is not a law, and there is no difference between a resolution and a motion. 19 R.C.L. 895.
N.J.S.A. 54:7-1 permits governing bodies to apportion among subdivisions a municipal lien against a parcel of real estate, and N.J.S.A. 54:7-4 states that the governing body may make the apportionment by resolution. Pursuant to *85 this statute there was presented for final consummation an apportionment which was ratified by motion instead of a resolution. Vice Chancellor Bigelow speaking for the former Court of Chancery, held that the board took the action required by the statute. Town of Irvington v. Ollemar, supra.
There is a lack of application and weight to the argument that defendant was not legally appointed because the record of the appointment as set down in the minutes is in the form of a "motion" instead of a "resolution." It is true that the act (N.J.S.A. 40:14A-4(b), supra) prescribes that the appointment shall be by a resolution and defendant's appointment is couched in the form of a motion. It cannot be denied that the motion was carefully worded, regularly introduced, seconded and unanimously adopted, and subsequently recorded in the official minutes of the borough, and pursuant thereto defendant acted as a member of the Authority until August 15, 1958, a period of six months. In substance and purpose it carries the weight and legal significance of a resolution, the effect being the same as if the word "resolution" had been used, instead of "motion." It carries into effect a power expressly granted by the Legislature.
Plaintiffs urge the point that in the event the court should construe the action of the borough as being tantamount to a resolution, the appointment nevertheless remains invalid because of the non-compliance with N.J.S.A. 40:14A-4(e), supra. The answer calls for the construction of the word "shall" as used not only in section 4(e) but also section 4(b).
"In determining whether an act is imperative and mandatory or merely directory there is a presumption that the word `shall,' (such word appears in this statute) is used in an imperative and not a directory sense, and while this presumption is not a conclusive one it can only be overthrown by something in the character of the legislation or in the context which would justify a different meaning."
Union Terminal Cold Storage v. Spence, 17 N.J. 162 at page 166 (1954).
The declaration of policy and purpose of the act N.J.S.A. 40:14A-1 to 37, inclusive, is fully set forth in section 2 *86 thereof. Briefly stated they are: authorization, acquisition, financing and operation of sewage disposal systems and compensating reservoirs by or on behalf of any county or any one or more municipalities, providing for the creation of sewage authorities to undertake the same, for the issuance of bonds and other obligations therefor, and for service charges to meet the expenses thereof.
Tested by the definition, I do not think the Legislature used the word "shall" in the mandatory sense, but rather in a directory sense. Having in mind the character and context of the statute, it appears that it is the legislative intent to grant counties and municipalities, and to such sewerage authorities discretionary powers to provide for sewerage service designed to relieve pollution of water in and bordering our state. The filing of the certificate of appointment with the Secretary of State is an incident of the main purpose of the statute. See In re Hardman, 131 N.J.L. 257 (Sup. Ct. 1944).
However, conceding the construction of the word "shall" as mandatory, the test of statutory construction as stated in In re Hardman, supra, is that "When the provision of an act is the essence of the thing required to be done it is mandatory, otherwise, when it relates to form and manner, and where an act is incident it is directory." Quoting from Sheldon v. Sheldon, 100 N.J. Eq. 24 (Ch. 1926).
In conformity with this test the decision is reached by a construction of the entire statute and a consideration of the object sought to be accomplished. The requirement under consideration does not appear to be the essence of the law, but rather relates to form and manner and is an incident thereof; therefore it is directory. In re Norrell's Estate, 139 N.J. Eq. 550 (Ch. 1947); Sharrock v. Borough of Keansburg, 15 N.J. Super. 11 (App. Div. 1951); Borough of Paramus v. Block 1527, Lots 1-2, Assessed to Ridgewood Park Estate, 42 N.J. Super. 369 (App. Div. 1956).
Even "must" has been construed as merely directory where, from a construction of the entire statute and the object to *87 be accomplished by it, such appears to have been the intention of the Legislature. In re Hardman, supra. See also State v. Konigsberg, 44 N.J. Super. 281 (App. Div. 1957).
The provision requiring the filing of the certificate of appointment was designed for two reasons: first, to have a public record of the same; second, to obviate the necessity of formal proof thereof in a suit questioning the appointment.
It is interesting to note that the statute (N.J.S.A. 40:14A-4(e)) does not fix the time wherein which the appropriate municipal officer should forward to the Secretary of State the certificate of appointment. The section does not contain any negative words restraining him or her from doing it now. Nevertheless, the certificate should have been filed as soon as circumstances permitted after the appointment of the defendant in February 1958.
Justice dictates that the failure of the appropriate borough officer through neglect or otherwise to file the certificate of appointment should not be invoked to invalidate defendant's reappointment.
For the foregoing reasons, the court determines: first, that the appointment of the defendant Anthony Granata was valid and legal and in accordance with the statute; second, that appointment of plaintiff Alton Walling was invalid; third, that defendant return the minute book of the Sewerage Authority to the proper official thereof.
Counsel will present judgment in accordance with this opinion.