VICTOR L. WOODHULL, WILLIAM E. WIDERKEHR, RICH-
ARD L. STARK, ARTHUR G. TOOMER, Jr., RICHARD J.
LYONS AND HAROLD W. WATSON, PLAINTIFFS-APPEL-
LANTS, v. J. RAYMOND MANAHAN AND E. MARCO STI-
RONE, DEFENDANTS-RESPONDENTS, AND DAVID E.
NOONAN, RUSSELL J. NONCARROW AND ANTHONY J.
CATTANO, DEFENDANTS.

Argued November 30, 1964—Decided December 14, 1964.

*Mr. Henry M. Hoyt* argued the cause for plaintiffs-appellants (*Messrs. Corbin, Hoyt & Watson,* attorneys).

*Mr. Myron J. Bromberg* argued the cause for defendant-respondent Manahan (*Messrs. Porzio, Bromberg & Newman,* attorneys).

*Mr. Alvin Weiss* argued the cause for defendant-respondent Stirone (*Messrs. Riker, Danzig, Scherer & Brown,* attorneys).

The opinion of the court was delivered

PER CURIAM. The Appellate Division held the mayor of the Town of Morristown has the power to veto appointments by the Common Council of the town attorney and committees of the Council. *Woodhull v. Manahan,* 85 *N. J. Super.* 157 (1964). A petition for certification was filed and because of time limitations, we directed argument on the merits prior to action upon the petition.

The legislative treatment of the subject is obscure. We cannot be confident of an answer either way and hence we are content to accept the result reached by the Appellate Division, leaving it to the Legislature to provide otherwise if its intent was misconceived.

The petition for certification is granted, and the judgment of the Appellate Division is affirmed. No costs.

FRANCIS, J. (dissenting in part). *R. S.* 40 :125–3 provides that the town attorney "shall be appointed by the council in the manner and for the [term] hereinafter provided." In fixing his term, the Legislature reiterated its intention with respect to the appointing power. It said he "shall be appointed by the council for the term of one year, * * *." *R. S.* 40 :125–30. Moreover, the same statute ordained that a vacancy in the office by reason of "death, resignation, inability, disqualification, removal or refusal to serve" shall be filled by the council for the unexpired term. *R. S.* 40 :125–8. This power was reposed in the council by *L.* 1895, *c.* 113. No one

suggests that prior to 1932 the mayor had any veto power over such appointment. And no statute has ever qualified that power of the council through specific reference to it.

In 1932 *R. S.* 40:133–1, 2, 3 and 4 in most general terms conferred on mayors of towns a veto power over ordinances and resolutions. In the absence of more particularity of language, I would not find a legislative intention to give the mayor authority to veto an appointment which the council had sole power to make for so many years. It seems to me that if such an intention existed, it would and should have been more explicitly expressed. This view finds substantial support in *Haight v. Love,* 39 *N. J. L.* 14, 21 (*Sup. Ct.* 1876), and *Erwin v. Jersey City,* 60 *N. J. L.* 141, 145–146 (*E. & A.* 1897).

In my judgment, therefore, the council's power of appointment of the town attorney remains unaffected by *R. S.* 40:133–1, 2, 3 and 4. Accordingly, the portion of the Appellate Division judgment which sustains the mayor's right to veto the council's selection should be reversed.

HALL and HANEMAN, JJ., join in this opinion.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR and SCHETTINO—4.

*For reversal in part*—Justices FRANCIS, HALL and HANEMAN—3.