HOPKINS, J.T.C.
These are appeals by the Borough of West Caldwell from reductions in the assessed value of property located at 9 Patton Drive in the taxing district of West Caldwell and known as Block 81B, Lot 9. The years involved are 1979 and 1980. Defendant timely filed a complaint for the taxable year 1979. As it was filed subsequent to the Borough’s complaint for that year, it was treated as a cross-appeal. After the matter was submitted on a stipulation of facts, taxpayer filed a withdrawal of its 1979 appeal.
The assessments and values found by the Essex County Board of Taxation for both 1979 and 1980 are as follows:
Original Assessment County Board
Land $144,500 $144,500
Building 467,100 382,200
Total $611,600 $526,700
On February 25, 1982 taxpayer moved to dismiss the municipality’s complaints on the ground that they were filed without proper authorization by the West Caldwell Council and were *340 therefore void. Defendant’s motion was denied as the court concluded that there was a question of fact which would require a plenary hearing to determine whether the appeals were properly authorized.
Prior to trial the parties stipulated that the appropriate assessment for the property was $611,600 for each year, the amount of the original assessments, provided this court has jurisdiction. They also stipulated that prior to the preparation and filing of the complaints, the mayor and council of West Caldwell, in a closed session, voted to authorize appeals to the Tax Court with respect to the reduction of the assessments granted by the Essex County Board of Taxation. The stipulation further stated that no “Resolution” was ever passed by the mayor and council prior to the preparation and filing of the complaints by the borough involving the assessments for the subject years. Further, no notice was ever posted or sent to be published in any newspaper indicating any such resolution might be on any agenda of any meeting of the mayor and council. None of the “By-Pass” procedures pursuant to N.J.S.A. 10:4-9 were followed.
The parties also stipulated the “Agenda — Regular Meeting— March 16, 1982 of the Mayor and Council of the Township of West Caldwell” and “Resolution No. 2727.” Among the items listed on the agenda was the statement: “Resolution — Tax Appeals.” The agenda was posted 48 hours prior to the holding of the meeting and was filed with the clerk. While that agenda was not sent to be published in any newspapers, an annual notice of all meetings had been published in January 1982.
Resolution 2727 provided that the previous actions of the mayor and council and prior governing bodies authorizing tax appeals from determinations of the Essex County Board of Taxation to the New Jersey Tax Court, or the defense of appeals taken by taxpayer or counterclaims to those appeals, be ratified as to the subject property and, further, that Robert L. Podvey, township attorney, was authorized to act on behalf of the borough.
*341 Taxpayer attacks the authority of this court to enter a judgment affirming the original assessments on the ground that the court is lacking in subject matter jurisdiction due to the borough’s violation of the Open Public Meetings Act when authorizing the appeals.
Taxpayer’s appeal from the 1979 county board judgment gives this court jurisdiction even if the borough’s complaint is void. Taxpayer’s attempted withdrawal of the 1979 cross-appeal after submission of the proofs can only be by leave of the court. R. 8:3-9. Such leave is denied.
Jurisdiction over the 1980 appeal requires an analysis of the Open Public Meetings Act, as contained in N.J.S.A. 10:4-6 et seq. It provides, among other things, as follows:

10:4-12. Meetings open to public; exclusion of public; subject matter of discussion

a. Except as provided by subsection b. of this section all meetings of public bodies shall be open to the public at all times. Nothing in this act shall be construed to limit the discretion of a public body to permit, prohibit or regulate the active participation of the public at any meeting.

10:4-15. Proceeding in lieu of prerogative writ to void action at nonconforming meeting; parties; limitation; corrective or remedial action

a. Any action taken by a public body at a meeting which does not conform with the provisions of this act shall be voidable in a proceeding in lieu of prerogative writ in the Superior Court, which proceeding may be brought by any person within 45 days after the action sought to be voided has been made public; provided, however, that a public body may take corrective or remedial action by acting de novo at a public meeting held in conformity with this act and other applicable law regarding any action which may otherwise be voidable pursuant to this section; and provided further that any action for which advance published notice of at least 48 hours is provided as required by law shall not be voidable solely for failure to conform with any notice required in this act.
As stated above, any action taken by a public body at a meeting which does not conform with the provisions of the act shall be voidable in a proceeding in lieu of prerogative writs in the Superior Court, “which procedure may be brought within 45 days after the action sought to be voided has become public....”
*342 The borough’s complaint was served on the taxpayer by certified mail dated December 24, 1980. There is no showing that taxpayer ever commenced an action in the Superior Court. Taxpayer’s motion to dismiss for failure to comply with the act was filed in this court on February 25, 1982, which was beyond the 45-day period permitted to commence a proceeding to void the borough’s action. Accordingly, the act cannot be utilized to void the borough’s appeal. Edgewater Park v. Edgewater Park Housing Auth., 187 N.J.Super. 588, 603, 455 A.2d 575 (Law Div.1983).
The stipulation of the parties that no “Resolution” was ever passed by the mayor and council prior to the preparation and filing of the complaints is a conclusion contrary to the fact. that the mayor and council voted to authorize the appeals. As noted in Clinton Tp. Citizens' Comm. v. Clinton Tp., 185 N.J.Super. 343, 448 A.2d 526 (Law Div.1982), a resolution may be in general terms. There is little difference among motions, orders or resolutions. Irvington v. Ollemar, 128 N.J.Eq. 402, 16 A.2d 563 (Ch.1940), aff’d sub nom. Irvington Nat’l Bank v. Geiger, 131 N.J.Eq. 189, 24 A.2d 368 (E. & A. 1942). An oral motion, when properly enacted by a vote of the members of the council, becomes a resolution of that body. Keyport Sewerage Auth. v. Granata, 52 N.J.Super. 76, 84, 144 A.2d 811 (Law Div.1958). In Woodhull v. Manahan, 85 N.J.Super. 157, 166, 204 A.2d 212 (App.Div.1964), aff’d 43 N.J. 445, 205 A.2d 441 (1964), the court held that a resolution encompasses all actions of the municipal body other than ordinances.
While the actions of the mayor and council in authorizing the subject appeals may not have been reduced to writing as formal resolutions, the votes still validly authorized the appeals.
The above conclusion makes it unnecessary to consider the ratification of the appeals at the regular meeting of the borough’s mayor and council.
Judgment affirming the original assessments will be entered by the Clerk of the Tax Court.